On motion to dismiss appeal filed October 28, motion allowed November 15, 1921.

## BREESE *v.* BRAMWELL ET AL.

### (201 Pac. 729.)

**Injunction—May Issue Before Service of Summons After Commencement of Suit by Filing Complaint.**

1. Under Section 417, Or. L., as to time of allowing injunction, and Sections 51 and 395, as to how suit is commenced and when summons may be served, injunction may issue after commencement of suit by filing complaint, before summons is served.

**Appeal and Error—Temporary and Interlocutory Injunction Order not Appealable.**

2. An injunction being temporary and interlocutory, the order granting it is not a final determination necessary under Section 548, Or. L., for appeal.

**Banks and Banking—Injunction may Before Final Judgment Issue Against Superintendent of Banks in Charge of Insolvent Bank.**

3. Section 6221, Or. L., prohibiting injunction against an insolvent bank before final judgment, does not apply to injunctions against the superintendent of banks, who has taken charge of such a bank, and also against another bank in which the superintendent has deposited funds, forbidding the paying out of such funds.

From Crook: T. E. J. DUFFY, Judge.

In Banc.

This is a suit in which the complaint is in substance that the defendant Bramwell as superintendent of banks has taken charge of the Crook County Bank, the same being insolvent; that during the process of liquidation he has deposited the funds of the Crook County Bank with the Bank of Prineville and has drawn a check on the latter bank in payment of a

claim of French & Co. against the insolvent bank, without an order of the Circuit Court; that the payment of the check will disturb the *pro rata* distribution of the funds of the insolvent bank, resulting in a preference of French & Co. over the other creditors of the insolvent bank; and finally that the plaintiff is a depositor in the Crook County Bank and entitled to share *pro rata* in the money paid out to its creditors. On the filing of the complaint the county judge of Crook County issued an order of injunction forbidding the defendants from issuing, cashing, accepting or paying any check drawn or to be drawn against the funds of the insolvent bank, and especially any check drawn in favor of French & Co., until further order of the court. Afterwards the Circuit Court in which the action was pending modified the order so as to restrain the payment of a check in favor of French & Co. only, until further order of the court. Later still, the defendant Bramwell appeared specially for the purpose of presenting his motion only, and for no other purpose, and moved the court to set aside the restraining order issued by the county judge, "for the reason that said order was made and entered herein on the same day that the complaint in said cause was filed, before any summons was served and before the cause was prosecuted to final judgment, and execution issued against the Crook County Bank," the insolvent bank. This motion was argued and taken under advisement until a later date, when the court renewed the preliminary injunction and "ordered, adjudged and decreed that a temporary injunction issue herein against the defendants and each of them, the same to continue in full force and effect until the final determination of this case, at which time said injunction is to be dissolved or made

perpetual." From these orders the defendant Bramwell has appealed, and the plaintiff moves that the appeal be dismissed for the reasons:

"1. That no judgment, decree or final order has ever been made or entered in the above-entitled court and cause.

"2. That the injunction and restraining orders issued * * from which the defendant Frank C. Bramwell has appealed, do not affect a substantial right and do not in effect determine the suit so as to prevent a judgment or decree therein and are not final orders made in a proceeding after judgment or decree."

MOTION ALLOWED.

*Mr. Jay H. Upton,* for the motion.

*Mr. M. R. Elliott,* of counsel.

*Mr. Willard H. Wirtz,* District Attorney, *contra.*

BURNETT, C. J.—1. An injunction may be allowed by the court or judge thereof at any time after the commencement of the suit and before decree: Or. L., § 417. Under Section 51, Or. L., made applicable to suits in equity by Section 395, Or. L., a suit is commenced by filing a complaint with the clerk, and at any time after suit is commenced the plaintiff may cause a summons to be served on the defendant. The objection that the injunction was granted before summons was served is clearly without foundation. Under the sections quoted, an injunction may be issued even before the service of summons.

2, 3. Moreover, the injunction, being merely temporary and interlocutory, is not final within the meaning of Section 548, Or. L., reading thus:

"A judgment or decree may be reviewed as prescribed in this chapter, and not otherwise. An order

affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or an interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition, or a final order affecting a substantial right, and made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment or decree.''

Nothing is decided finally by the terms of the injunction orders to which allusion has been made. The final determination of the suit remains in the breast of the Circuit Court on proper proceedings. It is urged in the brief appearing in the record attached to the motion to dissolve the injunction, that under Section 6221, Or. L.:

''No attachment, injunction or execution shall be issued against such bank or its property before final judgment in any suit, action or proceeding in any court of competent jurisdiction.''

This refers to the insolvent bank which has been forced into liquidation. But in this case the insolvent bank is not a party. The injunction has been issued against the superintendent of banks and the Bank of Prineville, in which he has deposited funds belonging to the insolvent bank. The preliminary injunctions mentioned, therefore, do not come within the provision of this excerpt upon which the defendants rely. Even if it did apply, we have a mere interlocutory order of a court of competent jurisdiction, which may or may not be erroneous, as the event shall prove. But until a final determination has been reached in that court, the Supreme Court has no jurisdiction to review the orders of the Circuit Court. It may be that in the ultimate conclusion of the whole matter

the Circuit Court will decide the matters at issue correctly. Until it has an opportunity to do so and makes a final decision, this court cannot interfere. As to the finality requisite to an appealable order, see *Oregon Ry. & Nav. Co.* v. *Taffe,* 67 Or. 102 (134 Pac. 1024, 135 Pac. 332, 515).

The appeal must be dismissed.    DISMISSED.