Argued July 25, affirmed August 17, 1977

In the Matter of the Conservatorship
of Mary Smeed, a protected person,
SMEED et al, *Appellants,*
*v.*
BRECHTEL, *Respondent.*
(No. 22920, CA 7275)
567 P2d 588

Tim J. Helfrich, Eugene, argued the cause for appellants. With him on the brief was Sahlstrom & Lombard, Eugene.

Jack A. Billings, Eugene, argued the cause for respondent. With him on the brief was Diment, Jagger & Billings, Eugene.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal by a protected person, and her sister with whom she lives, from an order appointing a bank conservator of the protected person's estate. Appellants ask that we hold the evidence does not warrant creation of a conservatorship.

The relevant standard is stated in ORS 126.157:

"Upon petition and after notice and hearing upon objections, if any, as provided in ORS 126.007, the court may appoint a conservator or make other protective order in relation to the estate and affairs of:
"* * * * *

"(2) A person if the court determines that the person is unable to manage his property and affairs effectively for reasons including, but not limited to, mental illness, mental deficiency, physical illness or disability, age, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power or disappearance and:

"(a) The person has property which will be wasted or dissipated unless proper management is provided * * *
"* * * * *."

It is not disputed that the protected person has a substantial, liquid estate. It is not seriously disputed that the protected person suffers from a variety of physical and mental disabilities, including schizophrenia for which she has been institutionalized numerous times and partial blindness from a self-inflicted injury. The dispute centers on the ephemeral question of whether the protected person can nevertheless manage her property and affairs effectively.

All of the witnesses at the hearing were relatives of the protected person, except for a psychiatrist who had treated the protected person for several years. We find the testimony of the relatives to be largely conflicting, confusing and unpersuasive. The psychiatrist testified that the protected person is often out of touch with reality and "at her worst she has delusions which affect her behavior." The psychiatrist also testified about the protected person's "profound indecisiveness"

which makes her susceptible to other people's influence. The psychiatrist expressed the following opinion:

"Q How would you feel about her [the protected person's] ability to manage a savings account of $40,000?

"A I think that would be impossible."

As did the trial court, whose observations are particularly valuable in a case such as this, *see Starin and Starin,* 29 Or App 557, 564 P2d 748, Sup Ct *review denied* (1977), we find this expert testimony persuasive and sufficient to establish that the protected person cannot effectively manage her estate.

Affirmed.