Submitted on record and briefs July 19, affirmed October 2, 1978

In the Matter of William John Allmendinger, alleged
to be a mentally ill person.
STATE OF OREGON, *Respondent,*
*v.*
WILLIAM JOHN ALLMENDINGER, *Appellant.*
(No. 926, CA 10923)
584 P2d 773

Michael J. McElligott, Hillsboro, filed the brief for
appellant.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Gregory A. Parker, Assistant Attorney, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

Defendant challenges his involuntary commitment under ORS ch 426. His sole assignment of error is that there is insufficient evidence to find him mentally ill beyond a reasonable doubt. We review de novo. *State v. O'Neill,* 274 Or 59, 61 n 3, 545 P2d 97 (1976); *State v. Nesbitt,* 23 Or App 202, 211-12, 541 P2d 1055 (1975), *rev den* (1976).

The record contains the opinions of two experts that defendant is suffering from manic depressive psychosis. It also contains testimony of defendant and others indicating that defendant behaves in a bizarre manner disturbing to others, and that while in a jail he made numerous threats of violence to others. He struck another inmate and an apparently minor injury resulted. In addition he scuffled with jail personnel.

A mentally ill person is statutorily defined as one
"* * * * *

"(2) * * * who, because of a mental disorder, is either:

"(a) Dangerous to himself or others; or

"(b) Unable to provide for his basic personal needs and is not receiving such care as is necessary for his health or safety.

"* * * * *." ORS 426.005(2).

Hence, the existence of a mental disorder alone is insufficient. *State v. Lucas,* 31 Or App 947, 951, 571 P2d 1275 (1977). A person's past acts and condition at the time of the hearing must indicate probable future helplessness or dangerousness. *State v. Lucas, supra* at 950. The court must find such person mentally ill beyond a reasonable doubt. ORS 426.130.

Even where a mental disorder exists, mere threats of violence or verbal hostility may not be sufficient, without more, to satisfy the reasonable doubt standard as to dangerousness. *State v. Nelson,* 35 Or App 57, 580 P2d 590 (1978).

[ 383 ]

■ However, where, as here, threats are accompanied by violent acts, and there is no indication that such violence is an isolated occurrence, *c.f., State v. Lucas, supra,* we find that defendant is dangerous to others beyond a reasonable doubt.

Affirmed.