Argued and submitted May 2, affirmed August 7, 1985

In the Matter of the Estate of
Lorae Lee Cover, Deceased.

**WILLIAMS,**
*Appellant,*

*v.*

**COVER,**
*Respondent.*

(139-698; CA A34009)

704 P2d 548

Mark R. Bocci, Portland, argued the cause for appellant. With him on the briefs was Pippin & Bocci, Portland.

Jerold L. Billings, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This appeal concerns the probate court's apportionment of approximately $110,000 of wrongful death proceeds between the decedent's divorced parents. Pursuant to ORS 30.040,[1] the probate court, after hearing, awarded each parent 50 percent of the net settlement proceeds. Mother appeals and asks this court to reduce father's share. We review *de novo*[2] and affirm the apportionment.

Decedent was killed in a car accident at the age of 19. Her parents were divorced when decedent was six years old, and she and her sister lived with mother from that time until decedent's death. Father continued to see decedent in accordance with his visitation rights, although he clearly was not as involved in his daughter's activities as was mother. When decedent reached the age of 15, she began to take the initiative in visiting father. Her visits became more frequent when she got a car at age 16, and she began to see father approximately twice monthly. Their relationship was consistently described by witnesses as affectionate.

Father was not current in his child support payments and was found to be in contempt of court on at least two

---

[1] ORS 30.040 provides:

"Except when all beneficiaries otherwise agree, if settlement, with or without action, is effected and there is more than one beneficiary, the amount to be distributed to each beneficiary as recovery for loss described in ORS 30.020(2)(d) shall be apportioned by the probate court to each beneficiary in accordance with the beneficiary's loss."

ORS 30.020(2)(d) provides:

"In an action under this section damages may be awarded in an amount which:

"* * * * *

"(d) Justly, fairly and reasonably compensates the decedent's spouse, children and parents for pecuniary loss and for loss of the society, companionship and services of the decedent * * *."

[2] Appellate review of probate court proceedings traditionally has been *de novo*. See, e.g., *Hines v. Hines,* 32 Or App 209, 214, 573 P2d 1260, *rev den* 282 Or 385 (1978); *State v. Nesbitt,* 23 Or App 202, 212, 541 P2d 1055 (1975), *rev den* (1976). In 1979, the legislature amended many statutes to conform to the ORCP, including some of those which pertain to the conduct and appeal of probate court proceedings, ORS 111.095, 111.105 and 111.205. Or Laws 1979, ch 284, §§ 102, 103 and 104. This court has held that these "housekeeping" changes did not affect the scope of appellate review and that appeal of probate proceedings continues to be *de novo. Sanders v. U.S. National Bank,* 71 Or App 674, 694 P2d 548, *rev den* 299 Or 31 (1985).

occasions for failure to comply with the support order. His attitude towards support payments was extremely cavalier. He testified:

"Q. Why didn't you just pay it?

"A. Because I didn't want to.

"Q. Why didn't you want to?

"A. Because I felt I didn't have to pay it to her. She was the one who got the divorce."

At the time of the apportionment proceeding, father owed more than $18,000 in support for his children.

The parties agreed that neither of them suffered pecuniary loss or a loss of services by decedent's death and that the only issue for the probate court to determine was the extent of each parties' loss of decedent's society and companionship. ORS 30.020(2)(d). Mother offered the evidence of father's irresponsibility and apparent lack of interest in decedent to show that his "loss" due to the death of his daughter was minimal. The trial judge agreed that father was "extremely deficient" as a parent and that, if fulfillment of parental responsibilities were the basis on which to apportion wrongful death proceeds, he would award all to mother and none to father. He correctly recognized that the statute required him to determine each parties' loss under ORS 30.020(2)(d) and to apportion the proceeds on that basis. He acknowledged the difficulty of that task. He found that each parties' loss was equal and awarded each 50 percent of the proceeds.

Mother's first claim on appeal is that the probate judge misunderstood the law and thought that he was compelled by the statute to make an equal division. That clearly was not the situation, as the court's ruling states:

"I'm not saying I cannot apportion. What I am telling you is that based upon the statute, the statute that applies, that the only two things upon which I can apportion is loss of society and companionship, and that the loss of society and companionship for the mother and father is equal, and therefore the apportionment is 50 percent."

Mother next claims that the apportionment is not just, fair or reasonable, and asks this court to modify the award in accordance with our review of the evidence. The

extent of a parent's loss on the death of a child is not necessarily measured by the quality of parenting. If that were the case, the award made below would not be sustainable on this record, as the trial judge noted. Although our review of the record is *de novo,* we accord great weight to the trial judge's conclusion because his opportunity to observe the demeanor of witnesses is important. *McCoy and McCoy,* 28 Or App 919, 924, 562 P2d 207 (1977). Observation of the witnesses is crucial for making a determination of the extent of two parents' loss of the companionship and society of their daughter. On our review of the record, we conclude that we cannot make a better apportionment of the proceeds and affirm the order of the probate court.

Affirmed.