Argued and submitted September 18, 1986, affirmed June 24, 1987

In the Matter of Mark Furnish,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK FURNISH,
*Appellant.*

(M 8510; CA A37630)

738 P2d 607

D. Olcott Thompson, Salem, argued the cause for appellant. With him on the brief was Ferder, Ogdahl, Brandt & Thompson, Salem.

John A. Reuling, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Mary M. Muller, Certified Law Clerk, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Appellant seeks reversal of an order committing him to the Mental Health Division. We affirm.

Appellant is 21 years old and has a history of not getting along with his family, with whom he lives. His father testified at trial that appellant thought that people were conspiring to persecute him. His mother testified that he thinks people are planning to destroy him and that he told her he feels a "raging within" and wants to kill people. He also told his mother that "it wouldn't take much for a man to break every bone in a woman's body" and that he hated his father and wanted to kill him. Appellant told one of his sisters that he was going to kill her. He twisted her arm behind her back and said that he could break every bone in her body. Appellant's sister stated that he believed that she and a friend were members of a gang involved with drugs who intended to persecute him. Appellant also threw a younger sister across the living room, because she would not change the television channel when he told her to. Members of his family testified that they were afraid of him. Appellant denied that he had any problems with his family other than minor disagreements. He categorically denied that several of the incidents described by family members had occurred.

In addition, appellant has had difficulties at school and at work. He generally worked at the family store but was hired by a care center one summer. However, he was fired after two days, because his supervisors thought that he was mentally ill. He attended Multnomah School of the Bible for one year and has completed one term at Oregon Institute of Technology. His academic performance was poor, and family members testified that he thought that the other students were drug addicts and sex maniacs and were persecuting him.

Appellant was examined by Dr. Gorman, a physician, and Carnahan, a mental health professional. Carnahan concluded that appellant had a mental disorder and was dangerous to others. Gorman believed that appellant did have a mental disorder which required treatment but that he was not dangerous to himself or others. However, Gorman stated:

"So I'm — as far as his being a danger to himself or others,

I'm just a very small distance on the other side of a fine line from Mr. Carnahan."

Both Gorman and Carnahan concluded that appellant would not cooperate with a program of voluntary treatment.

Appellant argues that the court erred in finding that he is mentally ill. ORS 426.130 requires that a decision to commit a person must be based on clear and convincing evidence that the person is "mentally ill," defined as:

"* * * A person who, because of a mental disorder, is either:

"(a)  Dangerous to self or others; or

"(b)  Unable to provide for basic personal needs and is not receiving such care as is necessary for health or safety." ORS 426.005(2)

■      In order to decide that a person is mentally ill, it must first be established that he suffers from a mental disorder. *State v. Smith,* 71 Or App 205, 692 P2d 120 (1984). "Mental disorder" is not defined by statute. Instead, the existence of a mental disorder in a particular person is determined by the examiners and the court on a case-by-case basis. *See State v. Billingsley,* 85 Or App 387, 736 P2d 611 (1987). In the present case, there is clear and convincing evidence from the mental health experts that appellant has a mental disorder.

■      The difficult question in this case is whether appellant presents a danger to himself or others. Carnahan concluded that appellant is a danger to others. Gorman, although somewhat equivocal, concluded that he is not. In addition to the testimony of the mental health experts, it is appropriate for the court to consider past acts and apparent condition at the time of hearing. *State v. Allmendinger,* 36 Or App 381, 584 P2d 773 (1978); *State v. Lucas,* 31 Or App 947, 951, 571 P2d 1275 (1975).

■      In this case, appellant has made a number of threats of violence to members of his family. Further, there was evidence that he had actually harmed family members. The incident in which he threw his sister across the room is not an isolated instance of violence, because there is also evidence that he had treated his sisters roughly a number of times. That conduct, viewed with his statements, provides clear and convincing evidence to support the trial court's conclusion that he is dangerous to others.

Although we review *de novo,* "we cannot ignore the fact that, in a mental illness case, the circuit court's opportunity to view appellant's demeanor may be critical in reaching a conclusion as to his mental state. Therefore, we do give some deference to the conclusion of the circuit court." *State v. Smith, supra,* 71 Or App at 212 n 8. The trial court correctly concluded that appellant is mentally ill.

Affirmed.