In the Matter of the Estate of
Jennifer Oak, aka Jennifer Miller, Deceased.

OAK,
*Appellant,*

*v.*

PATTLE et al,
*Respondents.*

(50-85-09834; CA A41208)

739 P2d 61

Jerry C. Goodman, Eugene, argued the cause for appellant. With him on the brief was Sahlstrom & Dugdale, Eugene.

David Jensen, Eugene, argued the cause for respondents. With him on the brief was Jensen & Owens, Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is an appeal from a probate court's order apportioning proceeds of a wrongful death settlement between the decedent's divorced parents.[1] ORS 30.060; ORS 30.040. The dispositive issue is whether the probate court erred in not awarding appellant, decedent's father, any portion of the proceeds. We review *de novo,* ORS 19.125; *Williams v. Cover,* 74 Or App 711, 713, 704 P2d 548 (1985), and affirm.

Decedent's parents were divorced in 1968, when she was 10 months old. After the divorce mother, who was awarded custody of the children, moved to Oregon with decedent and her brother. Father had visited decedent about five times between her birth and the move to Oregon. In 1983, the family moved to Louisiana. Father had no contact with decedent after the move. In 1984, decedent chose to remain in Louisiana when the rest of her family returned to Oregon. Decedent and mother continued to telephone and write to each other during the separation. Decedent visited mother for two weeks in 1984. Early in October, 1985, decedent wrote her brother that she planned to move back to Oregon in order to be close to her family. On October 31, 1985, in Louisana, she died in an automobile accident.

Mother was appointed personal representative of the estate. In that capacity, she obtained a settlement of the estate's wrongful death action, received the probate court's approval of the settlement and requested authorization to distribute the proceeds. Father objected to the distribution on the ground that some of the settlement proceeds should be distributed to him as reflecting pecuniary loss to the estate and his loss of society and companionship. *See* ORS 30.020(2)(c), (d). The probate court found that neither parent suffered pecuniary loss or loss of services and that mother only had

---

[1] Although the order of apportionment is not a final judgment, we have jurisdiction of the appeal. ORS 30.060 provides, in relevant part:

"In the case of * * * an order of apportionment made under * * * ORS 30.040 [to apportion proceeds of a wrongful death settlement among the beneficiaries] any individual who in the probate court or trial court claims to be a beneficiary may appeal therefrom, or from any part thereof, to the Court of Appeals, within the time, in the manner and with like effect as though such order was the judgment of the circuit court."

suffered loss of society and companionship. The court apportioned the entire proceeds to mother's loss of society and companionship and authorized distribution to her. Because no proceeds remained, the court did not decide the question whether the estate suffered a pecuniary loss. The order of apportionment is the subject of this appeal.

Father first contends that the probate court erred in not examining the settlement to determine what it was intended to compensate. He contends that that examination would show that the parties included pecuniary loss to the estate in reaching the settlement. In a related assignment he contends that the court erred in effectively determining that the estate had not suffered any pecuniary loss. He argues that, because the personal representative had the power to settle all claims on behalf of the decedent's estate and the evidence showed a pecuniary loss, the settlement necessarily included compensation for pecuniary loss to the estate. Finally, father asserts that it was error for the court to find that he suffered no loss of society and companionship and then to apportion the entire amount of the settlement as compensation for mother's loss of society and companionship. He relies on *Williams v. Cover, supra,* 74 Or App at 715, for the proposition that apportionment should not be measured by the quality of parenting, but by the subjective loss to each parent. He argues that he has suffered a great loss, because he had hoped to reestablish a relationship with his daughter once she reached majority.

Mother, in her capacity as personal representative, contends that the apportionment of the proceeds is for the probate court to determine under ORS 30.040, according to the court's determination of each parent's loss. *Williams v. Cover, supra,* 74 Or App at 714. Therefore she asserts that the probate court must look to the subjective loss of each parent, rather than to the settlement for guidance in apportioning the proceeds. She contends that the weight of the evidence favors the court's finding that the estate did not suffer any pecuniary loss and that the court properly apportioned the proceeds as compensation for her loss, as mother, of society and companionship. We discuss all these contentions together in our *de novo* review of the probate court's order of apportionment.

By the terms of ORS 30.030(5), damages for pecuniary loss to a decedent's estate are to be distributed by the personal representative to the beneficiaries according to the laws of intestate succession of the decedent's domiciliary state.[2] As an heir, father would be entitled to a portion of any such proceeds. Under ORS 30.030(4), any damages apportioned as compensation for pecuniary loss to a decedent's parents or for loss of the society, companionship and services of the decedent are to be distributed as apportioned by the probate court under ORS 30.040. ORS 30.030 prescribes the order in which the categories of damages are to be distributed. After the costs of the wrongful death action, medical and memorial costs are paid, the personal representative distributes any damage

"(4)   *** apportioned [under ORS 30.040] to a beneficiary as recovery for loss [including loss of society and companionship] described in ORS 30.020(2)(d) ***.

"(5)   The *remainder* of the damages accepted or recovered [including pecuniary loss to the estate under ORS 30.020(2)(c)] shall be distributed to the beneficiaries under the laws of intestate succession ***." ORS 30.030. (Emphasis supplied.)

The probate court clearly had that order of distribution in mind when it made its oral ruling after the hearing. We can state it no better than the probate judge: "What is not apportioned under [ORS 30.020(2)(d)], then goes into the catch-all provision [ORS 30.030(5)] which provides that the remainder of the damages accepted or recovered shall be distributed to the beneficiaries under the intestate [succession] formula."

■      The court apportioned the settlement according to its finding that only mother suffered a loss of society and companionship. Our review of the record indicates that the court was well justified in its finding. It noted correctly that apportionment is not a mechanism to punish an irresponsible parent but to allocate the settlement according to actual loss. *Williams v. Cover, supra.* The evidence indicates that decedent and her mother maintained a close and loving relationship and that mother suffered greatly from the tragic ending of that

---

[2] Both parties agree that Oregon was the decedent's domiciliary state at the time of death.

relationship. The evidence shows that father had no relationship with his daughter from the time she was ten months old until she died at the age of 17 and that he made no serious attempts to form a relationship. We hold that father suffered no loss.

■ ORS 30.040 requires that the probate court determine the subjective loss of each beneficiary and apportion compensation accordingly. That determination necessarily rests, not only on the evidence presented, but also on the probate court's opportunity, if any, to view the beneficiaries' demeanor and to determine credibility. Therefore, we give some deference to the court's conclusion that to characterize mother's loss "at something less than the full amount of the award in this case would be arbitrary and speculative." *See State v. Furnish,* 86 Or App 194, 738 P2d 607 (1987); *State v. Smith,* 71 Or App 205, 212 n 9, 692 P2d 120 (1984). We agree with the court's apportionment of the entire award to mother's loss of society and companionship. There is no residue to distribute under ORS 30.030(5).[3]

Affirmed.

---

[3] Because there is no residue, we need not discuss whether the court should have examined the settlement to determine what compensation should be distributed for pecuniary loss to the estate.