Argued and submitted March 27, affirmed June 14, 1989

In the Matter of the Application of
Richard Iremonger for a Writ of Habeas Corpus.

IREMONGER,
*Respondent,*

*v.*

MICHELSON,
*Appellant.*

In the Matter of the Guardianship of
Sara Rebecca Iremonger, Barbara Ann Iremonger, Minors.

MICHELSON,
*Appellant,*

*v.*

IREMONGER,
*Respondent.*

(88-17-CV & 87-31-GC; CA A48430)

775 P2d 860

David R. Mannix, Klamath Falls, argued the cause for appellant. On the brief were Bradford J. Aspell and Aspell, Della-Rose & Richard, Klamath Falls.

Laura Graser, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Edmonds, Judges.

RICHARDSON, P. J.

Newman, J., concurring.

## RICHARDSON, P. J.

Petitioner (aunt) appeals the dismissal of her petition to be appointed guardian of her deceased sister's two children and the granting of father's writ of *habeas corpus.* She contends that she proved the right to be appointed under *Hruby and Hruby,* 304 Or 500, 748 P2d 57 (1987). We affirm.

The children were born during the parent's marriage. A judgment of dissolution in 1982 awarded custody of the children to the mother. On August 1, 1987, the mother died and aunt began caring for the children, who were then aged 9 and 10. Father sought physical custody of the children, but aunt refused to give them up. She filed a petition for appointment as guardian, and father sought custody through a petition for a writ of *habeas corpus.*

At a consolidated hearing, aunt presented evidence in support of her petition, including direct examination of father. After she rested, father moved for dismissal under ORCP 54B(2). The court granted the motion and then issued a writ of *habeas corpus.* The written document that the court signed states:

"Based on the law enunciated by the Oregon Supreme Court in the case of *Hruby and Hruby* * * * and the cases cited therein and ORCP 54B (2) it is the Order and judgment of this Court as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Amended Petition of [aunt] is hereby dismissed; and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the care, custody and control of the minor children * * *, under Petition for Habeas Corpus, * * * is hereby awarded to their father * * *."

Aunt advances only one assignment, the thrust of which is that the court erred in dismissing her petition and in granting the writ of *habeas corpus,* because she had established a right to custody under the standard pronounced in *Hruby.*

1.     A court should grant a dismissal under ORCP

54B(2)[1] only if the moving party has not introduced credible evidence tending to prove the essential elements of the petition. *Castro and Castro,* 51 Or App 707, 713, 626 P2d 950 (1981). Both parties erroneously argue that the "essential element" in reviewing aunt's petition is the standard established in *Hruby,* which involved a custody dispute under ORS 109.119 between a child's natural father and the father's sister. The Supreme Court concluded that

"under the 'principles of common law and equity,' as further developed by legislation and the decisions of this court, a natural parent has the right to the custody of his or her children, absent a compelling reason for placing the children in the custody of another; the 'best interests of the child' standard applicable to custody disputes between natural parents in a marriage dissolution proceeding is not applicable to custody disputes between natural parents and other persons." 304 Or at 510.

Although this case pits a parent against a non-parent, that fact alone does not make *Hruby* applicable. This is not a custody dispute governed by common law or equity; it is instead a guardianship proceeding governed by the statutory directives of ORS chapter 126. Accordingly, the pertinent standard for reviewing aunt's petition is dictated by statute and not the common law as defined in *Hruby. See State ex rel Juv. Dept. v. Lauffenberger,* 93 Or App 757, 760, 764 P2d 568 (1988), *rev allowed* 307 Or 405 (1989).

**2.** Although the trial court erred in applying the *Hruby* standard, we conclude, on *de novo* review, that dismissal of aunt's petition under ORCP 54B(2) was appropriate.[2] In addressing a petition, the court must initially determine whether guardianship is warranted under ORS 126.070(2):

"If the court finds that a qualified person seeks appointment, venue is proper, the required notices have been given

---

[1] ORCP 54B(2) provides, in part:

"After the plaintiff in an action tried by the court without a jury has completed the presentation of plaintiff's evidence, the defendant, without waiving the right to offer evidence in the event the motion is not granted, may move for a judgment of dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."

[2] A guardianship proceeding is a probate court matter, ORS 111.085(7), and therefore subject to *de novo* review. ORS 111.105; *Williams v. Cover,* 74 Or App 711, 713, n 2, 704 P2d 548 (1985); *Sanders v. U. S. National Bank,* 71 Or App 674, 694 P2d 548, *rev den* 299 Or 31 (1985).

and *the welfare and best interests of the minor will be served by the requested appointment,* the court shall make the appointment." (Emphasis supplied.)

If the court determines that a child should have a guardian, then it must appoint one. When appointment is considered, preference must be given to a natural parent, if the parent is qualified and suitable. ORS 126.035.[3]

**3.** We conclude from the evidence presented by aunt, including the testimony of father, that there is no basis for a guardianship. It is unnecessary to decide whether aunt would be an appropriate or qualified guardian. The court properly dismissed aunt's petition, because the facts do not show a legal foundation for any guardianship.

**4.** Aunt does not make a separate argument on her claim that the trial court erred in granting father's writ of *habeas corpus.* When a person seeks physical custody of a minor child by the writ, the issue is whether the party has a legal right to custody. *Quinn v. Hanks,* 192 Or 254, 267, 233 P2d 767 (1951). When the mother died, father had the right to physical custody and control of the children. ORS 109.030. Without being appointed guardian, aunt had no statutory or other legal right superior to father's. Consequently, the court correctly granted the *habeas corpus* petition.

Affirmed.

**NEWMAN, J.,** concurring.

I concur in the result.

---

[3] ORS 126.035 provides, in part:

"The parents of a minor, or either of them, if qualified and suitable, shall be preferred over all others for appointment as guardian for the minor. Subject to this preference, the court shall appoint as guardian for a minor or incapacitated person the qualified person most suitable who is willing to serve."