Argued and submitted April 23, affirmed June 13, reconsideration denied
September 5, 1990, petition for review allowed February 5, 1991 (311 Or 150)

In the Matter of the Estate of
Robert Leo Roe, Deceased.

Carolyn ROE,
*Respondent,*

*v.*

Paula Sue PIERCE,
Kevin Michael Arrington, David William Arrington,
and Rebecca L. Moore,
*Appellants.*

(8707-91551; CA A51010)

794 P2d 4

James A. Cox, Lake Oswego, argued the cause for appellants. With him on the briefs was Cox, Peterson & Sussman, Lake Oswego.

Richard P. Noble, Lake Oswego, argued the cause for respondent. With him on the brief was Kathryn H. Clarke, Portland.

Before Graber, Presiding Judge pro tempore, and Richardson and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Appellants, decedent's children, appeal from a probate judgment distributing proceeds of a settlement to decedent's wife. We review *de novo, Williams v. Cover,* 74 Or App 711, 713 n 2, 704 P2d 548 (1985), and affirm.

In February, 1986, decedent filed a medical malpractice action, which was amended in December to include a claim by wife for loss of consortium. In June, 1987, decedent died as a result of the alleged malpractice. Wife was appointed personal representative of decedent's estate in July and, in that capacity, filed a separate wrongful death action in October against the same defendants pursuant to ORS 30.020 *et seq.* In August, 1988, as personal representative, she filed an amended complaint in the medical malpractice action.[1]

The actions were referred to arbitration. However, the parties reached a settlement before arbitration began, and the wife petitioned the probate court for approval of the settlement. The petition recited that the estate had been opened to pursue a claim for wrongful death of decedent and that the settlement was for wife's "loss of companionship, society and support." Appellants, children of decedent from a prior marriage, objected. Wife then petitioned to have decedent's will, which left the entire estate to her, admitted to probate.[2] Subsequently, she filed an amended petition for approval of the settlement that was substantially the same as the original, except that it stated that the settlement was for "claims for personal injury to [decedent], loss of consortium for [wife] and wrongful death of [decedent]."

The court rejected appellants' objections, approved the settlement and concluded that the amount of the settlement apportioned for decedent's pain and suffering was to be awarded to decedent's estate and distributed according to the

---

[1] In her brief, wife states that the amended complaint was never filed. The record indicates otherwise, and it appears that the amended complaint was intended to be filed in the wrongful death action. During the probate hearing, the judge signed an order *nunc pro tunc* July, 1987, substituting wife, as personal representative, for decedent in the medical malpractice action, after the parties to that action stipulated that the substitution should take place.

[2] Decedent executed his will on December 23, 1986, specifically mentioning each of the appellants, but devising his entire estate to wife. Decedent had not had any contact with his children since 1958.

provisions of his will, thereby proceeding under ORS 30.075. Appellants contend that the court erred in not distributing the amount apportioned for decedent's pain and suffering under ORS 30.030(5).

The wrongful death statute, ORS 30.020, provides, in relevant part:

"(1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. * * *

"(2) In an action under this section damages may be awarded in an amount which:

"* * * * *

"(b) Would justly, fairly and reasonably have compensated the decedent for disability, pain, suffering and loss of income during the period between injury to the decedent and the decedent's death;

"* * * * *

"(3) The court shall reduce recovery under this section by the amount of recovery, if any, by the decedent or the decedent's personal representative under ORS 30.075 because of the act or omission which caused the decedent's death."

ORS 30.030 provides:

"(1) Upon settlement of a claim, or recovery of judgment in an action, for damages for wrongful death, by the personal representative of a decedent under ORS 30.020, the amount of damages so accepted or recovered shall be distributed in the manner prescribed in this section.

"(2) The personal representative shall make payment or reimbursement for costs, expenses and fees incurred in prosecution or enforcement of the claim, action or judgment.

"(3) The personal representative shall make payment or reimbursement for reasonable charges necessarily incurred for doctors' services, hospital services, nursing services or other

medical services, burial services and memorial services rendered for the decedent.

"(4) If under ORS 30.040 or 30.050 or by agreement of the beneficiaries a portion of the damages so accepted or recovered is apportioned to a beneficiary as recovery for loss described in ORS 30.020 (2)(d), the personal representative shall distribute that portion to the beneficiary.

"(5) *The remainder of damages accepted or recovered shall be distributed to the beneficiaries in the proportions prescribed under the laws of intestate succession of the state of decedent's domicile,* but no such damages shall be subject to payment of taxes or claims against the decedent's estate." (Emphasis supplied.)

The survival statute, ORS 30.075, provides, in relevant part:

"(1) Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."

Thus, a recovery under the wrongful death statute, ORS 30.020, would be distributed in part to appellants under the laws of intestate succession, while a recovery in this case by the estate under the survival statute, ORS 30.075, would be distributed according to the provisions of decedent's will.

■ Appellants first argue that the settlement was of an action under ORS 30.020, because wife, as personal representative, was not properly substituted for decedent as plaintiff in the medical malpractice action. *See* ORCP 34B(1). They argue that the substitution order was a "nullity," because the probate judge was a reference judge who lacked the requisite authority, *see* ORS 3.300 *et seq,* and because the order was signed more than one year after decedent's death. *See* ORCP 34B(1). According to appellants, the purported defects were jurisdictional and foreclosed wife's right to proceed in the medical malpractice action under ORS 30.075.

We do not reach the merits of that argument. Appellants were not parties to the medical malpractice action and, therefore, have no standing to object to a purported error that could have been raised by defendants in that action but

was not. *See Eckles v. State of Oregon,* 306 Or 380, 383, 760 P2d 846 (1988), *appeal dismissed* ___ US ___, 109 S Ct 1928, 104 L Ed 2d 400 (1989).

■ Appellants next argue that ORS 30.075 is not applicable in these circumstances and that the court therefore erred in failing to comply with ORS 30.030. They contend that ORS 30.075 applies only in cases where the injured person died of causes unrelated to those for which a claim can be made under ORS 30.020, because the legislature did not intend that ORS 30.075 and ORS 30.020 should overlap. According to appellants, if ORS 30.075 is construed to apply to injuries that cause death, a conflict arises between that statute and ORS 30.020, because they "have somewhat different statutes of limitation and different procedural rules." Therefore, they contend, that conflict creates an ambiguity that requires construction based on legislative history.

ORS 30.020(3) provides that recovery under ORS 30.020 is reduced by any recovery under ORS 30.075. That provision is consistent with the proposition that a claim for damages for a decedent's pain and suffering can be maintained under either statute and that the legislature simply intended to prevent a double recovery for damages incurred between the time of injury and death. This interpretation is supported by the fact that neither statute contains the express limitation argued for by appellants. If the legislature had intended differently, it could have said so. Because the statutes here are clear and unambiguous, and because application of their plain meaning does not produce an absurd or unreasonable result, we need not resort to extrinsic evidence of legislative intent or rules of statutory construction. *Satterfield v. Satterfield,* 292 Or 780, 782-83, 643 P2d 336 (1982); *Whipple v. Howser,* 291 Or 475, 481, 632 P2d 782 (1981). We reject appellants' argument that the trial court erred when it approved distribution of the settlement proceeds under ORS 30.075.

■ Finally, appellants argue that ORS 30.075 should be interpreted to mean that any recovery under it must be distributed under ORS 30.030 in order to avoid the problem of a personal representative manipulating the mode of recovery in order to benefit personally. ORS 30.030, by its express terms, applies only to amounts recovered under ORS 30.020. We are

prohibited from inserting into a statute what the legislature has omitted. ORS 174.010; *Portland Adventist Medical Center v. Sheffield,* 303 Or 197, 200, 735 P2d 371 (1987). Any problem that arises out of the possibility of a "change of horses in midstream" must be addressed by the legislature. On *de novo* review, we agree with the trial court that this was a proceeding under ORS 30.075 and that the distribution was correctly made under the provisions of decedent's will.

Affirmed.