Argued and submitted April 2, 1991, decision of the Court of Appeals vacated and case remanded to the Court of Appeals with instructions to dismiss the appeal May 21, 1992

In the Matter of the Estate of
Robert Leo Roe, Deceased.

Carolyn ROE,
individually and as Personal Representative
of the Estate of Robert Leo Roe, Deceased,
*Respondent on Review,*

*v.*

Paula Sue PIERCE,
Kevin Michael Arrington,
David William Arrington,
and Rebecca L. Moore,
*Petitioners on Review.*

(CC 8707-91551; CA A51010; SC S37355)

832 P2d 1226

James A. Cox, Lake Oswego, argued the cause for petitioners on review. With him on the petition were Christopher B. Rounds and Cox & Peterson, Lake Oswego.

Richard P. Noble, Lake Oswego, argued the cause for respondent on review.

Before Peterson, Chief Justice,** and Carson,*** Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

UNIS, J.

** Chief Justice when case argued.

*** Chief Justice when case decided.

## UNIS, J.

This action involves a challenge to the judicial approval of the apportionment of settlement proceeds from a medical malpractice action. The malpractice action was begun by Robert Leo Roe for personal injury. His wife, Mrs. Carolyn Roe, joined the action, asserting claims for loss of consortium. After Roe died, Mrs. Roe continued the action as personal representative of his estate and also brought a wrongful death claim. The claims were ultimately settled, and Mrs. Roe sought judicial approval of the settlement, which proposed to distribute the entire settlement proceeds to her for her "loss of companionship, society and support." Roe's children from a prior marriage filed objections to the proposed settlement. The matter was submitted by stipulation to a judge pro tempore[1] (probate judge) in the probate department.

At the beginning of the trial before the probate judge, Mrs. Roe, as personal representative of Roe's estate, presented an amended petition for approval and distribution of the settlement. This amended petition stated that the proposed settlement was for personal injury to decedent, loss of consortium for Mrs. Roe, and wrongful death of decedent. The probate judge issued a Report and then an Order. Mrs. Roe moved to amend the Order, and the probate judge entered an Amended Judgment. Decedent's children appealed from the judgment, and the Court of Appeals affirmed. *Roe v. Pierce*, 102 Or App 152, 794 P2d 4 (1990). We accepted review solely to address the question of the appealability of the case in its present posture and derivatively to consider whether the Court of Appeals had jurisdiction.

The settlement approved by the probate judge was a structured settlement with a present value of $500,000. The Amended Judgment approved $125,000 in attorney fees, $17,000 in costs, and $32,000 for Mrs. Roe as damages for her loss of consortium. The remainder was to be divided, with 55 percent apportioned to Roe's estate as general damages for his disability, pain, and mental distress and as special damages for his medical expense incurred during his lifetime, to

---

[1] Specifically, the parties submitted the matter to a reference judge under ORS 3.305.

be distributed according to his Last Will and Testament, and 45 percent apportioned to Mrs. Roe for her loss of society, companionship, and services of Roe for a potential period of 17.5 years.

■ Decedent's children challenge the apportionment. They argue that appellate jurisdiction is based on ORS 30.060, which provides:

> "In the case of an order of distribution under ORS 30.030(5) or an order of apportionment made under either ORS 30.040 or 30.050, any individual who in the probate court or trial court claims to be a beneficiary may appeal therefrom, or from any part thereof, to the Court of Appeals, within the time, in the manner and with like effect as though such order was a judgment of the circuit court."

ORS 30.040[2] and ORS 30.050[3] deal with apportionment of proceeds for pecuniary loss and loss of society, companionship and services to decedent's dependents upon settlement and after judgment, respectively. A portion of the settlement proceeds was apportioned to Mrs. Roe for loss of society, companionship and services, but decedent's children neither challenge that part of the apportionment nor argue that they should have received a portion of the settlement proceeds for that type of loss. Thus, ORS 30.040 and ORS 30.050 through ORS 30.060, do not provide a basis of appellate jurisdiction for their challenge.

---

[2] ORS 30.040 provides:

"Except when all beneficiaries otherwise agree, if settlement, with or without action, is effected and there is more than one beneficiary, the amount to be distributed to each beneficiary as recovery for loss described in ORS 30.020(2)(d) shall be apportioned by the probate court to each beneficiary in accordance with the beneficiary's loss."

ORS 30.020(2)(d) provides that damages under the wrongful death statute may be awarded in an amount which:

"Justly, fairly and reasonably compensates the decedent's spouse, children, stepchildren, stepparents and parents for pecuniary loss and for loss of the society, companionship and services of the decedent * * *."

[3] ORS 30.050 provides:

"Except when all beneficiaries otherwise agree, if the action described in ORS 30.020 is brought, and a judgment for the plaintiff is given, and there is more than one beneficiary, the amount to be distributed to each beneficiary as recovery for loss described in ORS 30.020(2)(d) shall be apportioned by the probate court to each beneficiary in accordance with the beneficiary's loss."

The text of ORS 30.020(2)(d) is set out *supra*, note 2.

Decedent's children challenge on appeal only the apportionment of 55 percent of the remainder of the proceeds to Roe's estate[4] which they argue should have been apportioned as wrongful death proceeds under ORS 30.030. Specifically, they argue that the remainder of the proceeds should have been distributed under ORS 30.030(5), which provides:

"The remainder of damages accepted or recovered shall be distributed to the beneficiaries in the proportions prescribed under the laws of intestate succession of the state of decedent's domicile, but no such damages shall be subject to payment of taxes or claims against the decedent's estate."

Decedent's children recognize that the distribution was not made pursuant to ORS 30.030(5) because it was not made according to the laws of intestate succession. Rather, decedent's children argue that the remainder was incorrectly apportioned to decedent's estate as proceeds of a personal injury claim under ORS 30.075.

We cannot address the question whether proceeds should have been distributed under ORS 30.030(5). Decedent's children argue that they are appealing from an apportionment which distributed nothing to them. It is true that ORS 30.060 allows individuals who claim to be beneficiaries (*i.e.*, who did receive something from the distribution or did not and claim that they should have) to appeal pursuant to ORS 30.030(5). Nevertheless, there still must first be "an order of distribution under ORS 30.030(5)" before "any individual who * * * claims to be a beneficiary may appeal therefrom." ORS 30.060. ORS 30.060 only establishes appellate jurisdiction with respect to ORS 30.030(5) "[i]n the case of an order of distribution under ORS 30.030(5)." Because there has been no order of distribution under ORS 30.030(5), ORS 30.060 does not establish appellate jurisdiction to determine whether there should have been an order of distribution under ORS 30.030(5).

■ ORS 30.060 establishes appellate jurisdiction in certain situations, but the normal rule of when appeal is proper from probate court proceedings (ORS 111.105(2)) and from proceedings before a reference judge (ORS 3.315(7)) is the same as for appeals from other circuit court proceedings. ORS

---

[4] Decedent's children do not take under the will.

19.010 establishes that judgments may be reviewed on appeal, and ORS 19.010(2) defines what documents are deemed to be judgments. In this case, no decree of final distribution under ORS 116.113(4) has been entered, and none of the substitutes in ORS 19.010(2) has been established.[5] We do not have jurisdiction to review the merits of this case. The appeal must be dismissed for want of appellate jurisdiction. *Meyer v. Joseph*, 295 Or 588, 590, 668 P2d 1228 (1983).

The decision of the Court of Appeals is vacated. The case is remanded to the Court of Appeals with instructions to dismiss the appeal.

---

[5] Notwithstanding that the document from which this appeal is taken is called an "Amended Judgment," "[t]he character of a document is to be determined by its content and not by its title." *Goeddertz v. Parchen*, 299 Or 277, 280, 701 P2d 781 (1985) (citing *Cockrum v. Graham*, 143 Or 233, 242, 21 P2d 1084 (1933)).