Argued and submitted February 8, affirmed May 25, 1994

In the Matter of the Establishment of
a Trust for Richard E. Baxter,
an Incapacitated Adult Person.

Richard E. BAXTER,
*Appellant.*

(9204-02220; CA A79625)

874 P2d 1361

Cynthia L. Barrett argued the cause for appellant. With her on the brief was Mark M. Williams.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

■ Petitioner sought to have the court establish a trust for his benefit pursuant to ORS 126.227. The trial court denied the petition, and petitioner appeals. On *de novo* review, ORS 19.125(3); ORS 111.105,[1] we affirm.

■ Petitioner resides in a nursing home, where he is receiving care and therapy necessitated by the amputation of his right leg, which was lost due to gangrene caused by diabetes. He continues to need semi-skilled nursing care in a long-term care setting.[2] Petitioner's wife is unable to care for him, because she is disabled. Petitioner receives Social Security and pension benefits totaling approximately $1,460 per month; his wife receives Social Security benefits of $429 per month. She lives in a rented home and uses a wheelchair. Petitioner is ineligible for Medicaid, which would pay for his nursing home care, because his income exceeds the federal income cap by approximately $200. Nursing home care costs $2,555 per month. Petitioner has no other income or resources with which to pay for his care.

Petitioner filed this petition asking the court to create a trust with $200 per month of his pension income, which would bring his income below the Medicaid income cap and thereby qualify him for Medicaid. The only objection to the petition was withdrawn before the hearing. The trial court refused to order the trust. In a letter opinion, the trial court said that it was denying the petition "on the ground that the purpose of ORS 126.157 and ORS chapter 126 is to conserve assets from waste or dissipation and not to give persons an entitlement they would not have otherwise had."

On appeal, petitioner argues that the requirements of the statutes have been met for entry of a protective order under ORS 126.157, and that ORS 126.227 allows the court

---

[1] Petitioner asserted at oral argument that we review for abuse of discretion. Whether or not that standard would be appropriate assuming that the factual requirements for the creation of a trust exist, it is not appropriate in reviewing the factual basis for the court's exercise of authority under ORS 126.157 and ORS 126.227. *See Iremonger v. Michelson*, 97 Or App 60, 775 P2d 860 (1989).

[2] The nursing home sought to transfer petitioner to his home or to foster care, because of nonpayment. Senior and Disabled Services Division issued an order preventing the nursing home from transferring petitioner until a facility was located that would meet his needs and that accepted him for placement.

to direct the creation of a trust if it is in petitioner's best interest to do so. He argues that it is in his best interest to be able to qualify for Medicaid so that his medical needs can be met.

ORS 126.227 provides, in part:

"(1)  *If it is established that a basis exists as described in ORS 126.157 for affecting the property and affairs of a person* the court, without appointing a conservator, may authorize, direct or ratify:

"(a)  Any transaction necessary or desirable to achieve any security, service, or care arrangement meeting the foreseeable needs of the protected person, including but not limited to * * * establishment of a suitable trust.

"(b)  Any contract, trust or other transaction relating to the protected person's financial affairs or involving the estate of the person if the court determines that the transaction is in the best interests of the protected person.

"(2)  Before approving a protective arrangement or other transaction under this section, the court shall consider the interests of creditors and dependents of the protected person and, in view of the disability of the person, whether the protected person needs the continuing protection of a conservator." (Emphasis supplied.)

A court can act under ORS 126.227 only if "it is established that a basis exists as described in ORS 126.157 for affecting the property and affairs of a person * * *." ORS 126.227(1). ORS 126.157 provides, in part:

"Upon petition and after notice and hearing upon objections, if any, as provided in ORS 126.007, the court may appoint a conservator or make other protective order in relation to the estate and affairs of:

"* * * * *

"(2)  A person if the court determines that the person is *unable to manage the property and affairs of the person effectively* for reasons including, but not limited to, * * * physical illness or disability * * * and:

"* * * * *

"(b)  Funds are needed for the support, care and welfare of the person or those entitled to be supported by the person and protection is necessary or desirable to obtain or provide funds." (Emphasis supplied.)

Petitioner makes various arguments supporting his position that the trust should have been created in this case. He argues that all of the requirements for creating a trust have been met; that nothing in the statute provides authority for the court to consider the impact of the requested trust on federal welfare policy; that, since the court's ruling in this case, Congress has enacted legislation specifically permitting the use of trusts of this kind for the purpose of meeting the income cap for Medicaid; and that other states that have adopted the Uniform Probate Code, as has Oregon, allow creation of trusts for the purpose of making the beneficiary eligible for Medicaid. *See Miller v. Ibarra*, 746 F Supp 19 (D Colo 1990).

We need not decide whether we agree with petitioner that this type of trust is one that is authorized by ORS 126.227 and not prohibited by federal law, because petitioner has not established the fundamental prerequisite to the court's authority under ORS 126.227 to affect his property and affairs. The court may make a protective order for the benefit of a person who, by reason of physical illness or incapacity, "is unable to manage the property and affairs of the person effectively * * *." ORS 126.157(2). Petitioner's entire argument in his brief regarding that element is that "[t]here was no evidence given, nor any doubt expressed by the court, that the petitioner's medical condition renders him physically incapacitated and unable to provide for his own needs." In the petition to the trial court, petitioner alleged that he

> "is mentally capacitated but physically incapacitated, and cannot live independently. He cannot pay for the required institutional care and is not eligible for Medicaid benefits. Court protection of a portion of his income stream is necessary for him to obtain needed Medicaid benefits to provide for his care."

There was no evidence presented to the trial court that petitioner is unable to manage his property and affairs effectively. Even taking the allegations of his petition as true, without supporting proof, those allegations would not support a finding that petitioner's physical incapacity affects his ability to manage his financial affairs. Neither the fact that

petitioner cannot live independently nor the fact that petitioner does not have the funds with which to provide for his needed care provides a basis on which to find that he is unable to manage his property and affairs.

In *Miller v. Ibarra, supra,* on which petitioner relies, the court made findings about each plaintiff's incompetence. It emphasized that a finding of incompetence is one of the necessary steps before the court can order creation of a trust. 746 F Supp at 30. Here, petitioner has not established that he is unable to manage his property and affairs; he has only shown that he does not have sufficient funds to pay for his care.

We sympathize with petitioner's plight. The financial bind in which he finds himself has been given a label, the "Utah Gap."[3] However, whether it would ever be appropriate for the court to create the type of trust that petitioner seeks here, the prerequisite for court intervention under ORS 126.227 is that the person is unable by reason of some incapacity to manage the person's own affairs effectively. *See Smeed v. Brechtel,* 30 Or App 505, 567 P2d 588 (1977). Without that prerequisite, there is no basis for the court to order the creation of a trust for petitioner's benefit.

Affirmed.

---

[3] The "Utah Gap" was explained as

"the popular nomenclature for a 'Catch 22' in state health care policy that deprives many senior citizens of Medicaid payments for nursing home expenses to which they are otherwise entitled. When their incomes are too low to enable them to pay their own nursing home costs, but too high to qualify for Medicaid benefits, these claimants are ensnared in a trap created by the interaction of highly technical federal and state statutes and regulations. They are not allowed to pay as much as they can, and have Medicaid pay the balance, but instead are totally disqualified for any Medicaid assistance." *Miller v. Ibarra, supra,* 746 F Supp at 20.

In *Miller,* the court recognized that the trust remedy is available only for persons who are incompetent, and that most victims of the Utah Gap are not incompetent. The court said:

"Ironically the very competence that disqualifies them from the remedy invoked in this case no doubt renders their predicament even more cruel, for they can fully understand the harsh technicality of their exclusion from benefits to which they feel equitably entitled." 746 F Supp at 34.