Argued and submitted March 4, appeal dismissed May 25, reconsideration denied July 22, petition for review denied September 7, 1983 (295 Or 617)

In the Matter of the Estate of
Delwin LaVerne Harrington, Deceased.

In the Matter of the Conservatorship of
Wilbur Harrington, Incompetent.

### HARRINGTON,
*Respondent,*

*v.*

### THOMAS,
*Appellant.*

(66-107, 67-64-G, 69-29-G; CA A24430)

663 P2d 1298

Donald F. Myrick, Grants Pass, argued the cause for appellant. With him on the briefs were Donald H. Coulter, and Myrick, Coulter, Seagraves, Myrick & Adams, Grants Pass.

Janet A. Metcalf, Portland, argued the cause for respondent. With her on the brief were English & Metcalf, and Theodore D. Lachman, Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Appellant, conservator for Wilbur Harrington and attorney for the personal representative of Delwin Harrington's estate, appeals an order entitled "Order for Payment of Money to Conservatorship." The order required him to refund $100,000 he paid himself as attorney fees to the conservator's estate. Respondent, an heir of Wilbur Harrington, moved to dismiss the appeal, contending that under ORS 19.010 the order is not appealable.[1] We agree and dismiss the appeal. ORAP 9.05(2), 9.40.

The order arose from consolidated proceedings in the estate of Delwin Harrington and the conservatorship of Wilbur Harrington, an incompetent, now deceased, who was Delwin Harrington's sole heir. Appellant filed final accounts in both proceedings and requested final distribution of the Delwin Harrington estate and termination of the Wilbur Harrington conservatorship. Respondent filed objections to both accounts, objecting to attorney fees and expenses appellant paid himself and the personal representative of Delwin Harrington's estate. The proceedings were consolidated for trial. After hearing, the court issued the order from which the appeal is taken.

Respondent argues that the order was interlocutory and that there was no final order concluding either proceeding. Tests of appealability have been stated as follows:

---

[1] ORS 19.010 provides in part:

"(1) A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"(e) A final judgment or decree entered in accordance with ORCP 67 B.

"(* * * * *)"

"* * * In *Durkheimer Inv. Co. v. Zell,* 161 Or 434, 437-38, 90 P2d 213 (1939), quoting from earlier decisions, it was held that:

" 'One of the tests in determining whether a judgment or decree is final is: "If no further action of the court is required to dispose of the cause, it is final." Other tests are: Is the order or decree one which determines the rights of the parties so that no further questions can arise before the court rendering it, except such as are necessary to be determined in carrying it into effect, or is the judgment or decree "one which concludes the parties as regards the subject-matter in controversy in the tribunal pronouncing it?" ' " *Lulay v. Earle v. Wolfer,* 278 Or 511, 514, 564 P2d 1045 (1977). (Footnote omitted.)

"Orders are not appealable until the controversy is completely and finally settled in the trial court." *Moran v. Lewis,* 274 Or 631, 634, 547 P2d 627 (1976). The order appealed addresses only the funds paid to appellant and the personal representative and does not otherwise approve or disapprove the final accounts filed. The order does not decree a final distribution of the estate, ORS 116.113, nor does it terminate the conservatorship. ORS 126.387. The matters in controversy were not concluded by this order.

■     Appellant argues that denying him direct appeal of the order is unfair, because it requires him to pay a large sum of money, with a penalty of ten percent interest for delay over 30 days, and subjects him to possible contempt proceedings. He urges that the order satisfies ORS 19.010(2)(a) as to him, because it affects a substantial right and in effect determines the action so as to prevent a later *surcharging* judgment or decree. Although we recognize that Thomas was placed in a difficult position by the order, appeal is not a remedy available to him at this point in the proceedings. *See Williams and Williams,* 37 Or App 169, 586 P2d 381 (1978)(paternity order issued in dissolution proceeding not appealable when decree of dissolution not entered), *Lulay v. Earle v. Wolfer, supra* (order dismissing third party complaint not appealable before termination of the main claim).

Appeal dismissed.