On petitioner's petition for review filed March 1, 1985, of a decision of the Court of Appeals affirming the decisions of the circuit court,* Court of Appeals reversed, appeal dismissed and case remanded June 18, 1985

In the Matter of the Estate of
Marion E. Barone, Deceased.

GOEDDERTZ,
*Petitioner on Review,*

*v.*

PARCHEN, fna Jendro,
*Respondent on Review.*

(136-707; CA A31783; SC S31558)

701 P2d 781

* Appeal from Circuit Court, Multnomah County, William S. McLennan and Philip J. Roth, Judges. 72 Or App 185, 695 P2d 100 (1985).

## MEMORANDUM OPINION

Carson, J., filed a concurring opinion.

## MEMORANDUM OPINION

Petitioner, the personal representative in the probate estate from which this present controversy arose, sought reversal by the Court of Appeals of two circuit court determinations entered in the probate estate. The relief sought before the Court of Appeals was, in principal part, reversal of a "Judgment-Order"[1] entered in circuit court in respect of a hearing upon an objection to the final account in the probate estate. The Court of Appeals affirmed without opinion.

We do not reach the merits of this case. The two documents upon which petitioner bases her appeal are entitled, respectively, "ORDER DIRECTING PERSONAL REPRESENTATIVE TO PAY AN ALLOWED CLAIM" and "JUDGMENT-ORDER ON HEARING ON OBJECTIONS TO FINAL ACCOUNT." To the best that we are able to determine from the probate file in this case, no decree of final distribution has been entered. The threshold question is whether either document from which appeal was taken is a judgment, decree or appealable order.

Appeals from a circuit court sitting in probate are taken in the same manner as other appeals from circuit court. ORS 111.105(2). ORS 19.010[2] specifies what lower court

---

[1] We repeatedly have stated that the use of the term "judgment-order" is a misnomer and ought not to be used. *See, e.g., Gibson v. Benj. Franklin Fed. Savings and Loan,* 294 Or 702, 711 n 3, 662 P2d 703 (1983).

[2] ORS 19.010 provides:

"(1) A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200.

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"(b) An interlocutory decree in a suit for the partition of real property, defining the rights of the parties to the suit and directing sale or partition.

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree.

"(d) An order setting aside a judgment and granting a new trial.

"(e) A final judgment or decree entered in accordance with ORCP 67 B.

"(3) No appeal to the Court of Appeals shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250.

determinations are appealable. The character of a document is to be determined by its content and not by its title. *Cockrum v. Graham,* 143 Or 233, 242, 21 P2d 1084 (1933). However, to constitute a judgment, the document must be so labeled, ORCP 70 A.; *City of Portland v. Carriage Inn,* 296 Or 191, 194, 673 P2d 531 (1983). We conclude that neither document relied upon by petitioner is a judgment, decree or appealable order. A "judgment" is the "final determination of the rights of the parties in an action." An "order" is "any other determination * * * which is intermediate in nature." ORCP 67 A.

■    The first document, entitled an "order," merely directs the personal representative to pay a previously allowed claim, pursuant to ORS 115.185.[3] The second document, entitled "judgment-order," in effect, allowed an objection relating to a purported *inter vivos* gift and denied an objection to the claim underlying the first order.

Neither document is a judgment or decree, ORS 19.010(1), nor the kind of order described in ORS 19.010(2), which is treated as a judgment or decree for the purpose of being reviewed on appeal. Neither document qualifies as an order embraced within ORS 19.010(4) which confers appellate jurisdiction in special statutory proceedings. *Cf* ORS 28.040 and 28.070. This appeal must be dismissed on our own motion for want of appellate jurisdiction. *Meyer v. Joseph,* 295 Or 588, 590, 668 P2d 1228 (1983).

The appeal is dismissed, and the case is remanded to the circuit court.

**CARSON, J.,** concurring.

I concur in the dismissal of this case. However, for

---

"(4) An appeal may be taken from the circuit court in any special statutory proceeding under the same conditions, in the same manner and with like effect as from a judgment, decree or order entered in an action or suit, unless such appeal is expressly prohibited by the law authorizing such special statutory proceeding."

[3] ORS 115.185 provides:

"A creditor whose claim has been allowed or established by summary determination or separate action, and who has not received payment within six months after the date of the first publication of notice to interested persons, may apply to the court for an order directing the personal representative to pay the claim to the extent that funds of the estate are available for that payment."

what it is worth, I believe that there is more to this case than a premature appeal. Without thorough briefing and argument, I cannot be certain, but it appears to me that the personal representative may be correct in her assertion, though not precisely so stated, that the probate court has yet to rule on the merits of the objection to the final account in respect of the allowed claim.

The first order in contention directed payment of a claim previously allowed by the personal representative in accordance with ORS 115.185. The second order denied the objection on the ground that the first order became "the law of the case" and that the probate court then "was without jurisdiction to hear further objection to the payment of [the allegedly insufficient] claim." That the allowed claim was to be *paid* is clear; whether the claim should have been *allowed* remains an open question (ORS 114.275 and 114.395) that, in my opinion, should be considered on remand.