On respondents' motion to dismiss filed September 5, 1986, motion to dismiss denied, appeal dismissed *sua sponte* as premature February 25, 1987

In the Matter of the Estate of
Etta C. Mitchell, Deceased.

MITCHELL,
*Appellant,*

*v.*

ESTATE OF ETTA C. MITCHELL et al,
*Respondents.*

(A-7282; CA A40425)

733 P2d 456

Michael G. Gunn, Portland, for the motion.

Ernest J. Burrows, Portland, contra.

Before Young, Presiding Judge, and Warren and Deits, Judges.

YOUNG, P. J.

## YOUNG, P. J.

Etta C. Mitchell died on September 24, 1985. She had executed two wills. They were identical except as to the time when the beneficiary, Matthew Mitchell, would receive his inheritance. Shortly before her death, the deceased destroyed the second will by tearing it up and throwing it in the trash. In anticipation of hospitalization for what turned out to be her last illness, she gave the first will to her neighbors for safe-keeping.

Matthew, the beneficiary, was a minor at the time of the decedent's death. He was placed under the guardianship of Warwick, who sought a declaration establishing the validity of the first will. Respondents, decedent's heirs other than Matthew, filed a counter-claim, contending that execution of the second will revoked the first will; therefore, because the second will was revoked by its destruction, decedent died intestate. Shortly before trial, the guardian notified her attorney, and her attorney notified respondents' attorney, that she was withdrawing her complaint seeking a declaration. Respondents' attorney then submitted *ex parte* an order declaring that the deceased had died intestate. Respondents' attorney subsequently submitted, also *ex parte,* an order dismissing the guardian's complaint for declaratory relief. The trial judge signed both, and the orders were entered on February 19 and February 21, 1986, respectively.

Subsequently, Matthew attained his majority, retained a new attorney and, in April, 1986, moved for reconsideration and vacation of the February orders. He also moved for leave to file a petition for probate and for appointment of himself as personal representative. Neither the motion nor the affidavit in support of it gave a reason for vacating the February orders, other than to recite the facts and to note that appellant "is now of legal age and no longer under guardianship, and wishes a hearing upon [the] merits of the question of ETTA MITCHELL's testacy or intestacy, which hearing has never been held."

The trial court held a hearing. Oral and written arguments were had, and the court ultimately issued an order denying the motion for reconsideration. Matthew has

appealed from that order, and respondents have moved to dismiss the appeal on the ground that the order denying reconsideration in this case is not an appealable order or, alternatively, that the appeal is not timely.

The parties argue the appealability of the order in question on the assumption that the motion for reconsideration in the trial court was in the nature of a motion to set aside a judgment under ORCP 71B. If that were all there is to this case, respondents' motion to dismiss should be allowed, because the motion for reconsideration asserts none of the grounds which would support an appealable order under ORCP 71B.

However, there is a more fundamental problem. No judgment has ever been entered in the case which could form the basis for an ORCP 71B motion to set aside a judgment. The trial court merely entered one order declaring that the decedent had died intestate and a second dismissing Matthew's petition. There is neither an order disposing of respondents' counter-claim nor a judgment disposing of either the original complaint or respondents' counter-claim. In *Goeddertz v. Parchen,* 299 Or 277, 701 P2d 781 (1985), the court held that ORS 19.010 is applicable to probate proceedings and that ORCP 70A and *City of Portland v. Carriage Inn,* 296 Or 191, 673 P2d 531 (1983), require that the document finally disposing of a case be entitled "judgment." Instead of being defective on either of the alternative grounds urged by respondents, the appeal is premature, because no judgment has ever been entered.

Respondents' motion to dismiss is denied. We dismiss the appeal *sua sponte* on the ground that it is premature.