Argued and submitted February 8, affirmed August 3, petition for review denied October 4, 1994 (320 Or 271)

Philip E. CUSHMAN
and Janette R. Cushman,
*Appellants,*

*v.*

Jean Hayward WILKINSON,
Pacific Standard Life Insurance Company,
Jean H. Wilkinson Revocable Living Trust
and Richard L. Walton,
*Defendants,*

*and*

BENEFICIAL MORTGAGE CORPORATION,
dba Beneficial Mortgage Corporation (Oregon),
and Credithrift of America, Inc.,
*Respondents.*

(91-6-236; CA A78565)

879 P2d 873

Greg A. Pfister argued the cause for appellants. With him on the brief was Pfister & Tripp, P.C.

Lori Irish Bauman argued the cause for respondents. With her on the brief were Frank V. Langfitt III and Ater Wynne Hewitt Dodson & Skerritt.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

■ In this claim to set aside transfers of property made to defraud creditors, plaintiffs appeal from what is entitled a "final, partial judgment."[1] ORCP 67B. They assign error to the trial court's ruling that defendants Credithrift of America, Inc. (Credithrift) and Beneficial Mortgage Corporation (Beneficial) acquired their interest in certain real property in "good faith" and for "reasonably equivalent value." We affirm.

This case arises out of plaintiffs' tort action against defendant Wilkinson.[2] On the first day of the trial on that claim, Wilkinson transferred three parcels of real property to defendant Wilkinson Revocable Living Trust (trust). Thereafter, on July 8, 1988, the jury returned a verdict for plaintiffs for $137,500 and, on July 18, 1988, the judgment in that amount was entered. On the day judgment was entered, Wilkinson completed an application for a loan from Credithrift. According to the application, the loan was to be secured by one of the parcels of real property that Wilkinson had transferred to the trust. On August 15, 1988, Credithrift approved the loan. Also, on July 20, 1988, Wilkinson applied to Beneficial for a loan to be secured by another parcel of real property that she had transferred to the trust. On July 28, 1988, Beneficial approved the loan. Wilkinson did not list plaintiffs as a creditor or the judgment as a liability on either application. Moreover, plaintiffs' judgment did not appear on Wilkinson's credit report or on the preliminary title reports for either property that was to be the subject of the security interest held by Credithrift and Beneficial.

Plaintiffs subsequently brought this action seeking to set aside Wilkinson's transfers of the properties to the

---

[1] After plaintiffs filed their appeal, the trial court entered an "amended final, partial judgment" without leave of this court. *See* ORS 19.033(4). Therefore, it lacked jurisdiction to enter the amended judgment, and that amended judgment has no legal effect.

[2] Defendants Wilkinson, Wilkinson Revocable Living Trust, Pacific Standard Life Insurance Company, and Walton are not parties to this appeal. When we refer to defendants, we mean Credithrift and Beneficial.

trust.[3] Plaintiffs allege that Wilkinson's transfer was fraudulent under ORS 95.230(1)(a) and (b), and under ORS 95.240(1) and (2).[4] Plaintiffs also requested that the court declare that their judgment lien attached to the real properties, and that plaintiffs' interest in the properties was superior to defendants. Following the trial, the court issued a letter ruling finding that the transfers from Wilkinson to the trust were fraudulent, that plaintiffs were entitled to an order setting aside the transfers and declaring that plaintiffs' judgment was a lien of record against the properties as of July 15, 1988. The court also found that defendants were unaware of the judgment and the fraudulent transfer, and that they took their security interests in good faith and for reasonably equivalent value. ORS 95.270.[5]

---

[3] Plaintiffs also sought to set aside other transfers of real and personal property by Wilkinson. Those transfers are not part of this appeal.

[4] ORS 95.230 provides, in part:

"(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

"(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or

"(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

"(A) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

"(B) Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due."

ORS 95.240 provides:

"(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor becomes insolvent as a result of the transfer or obligation.

"(2) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for other than a present, reasonably equivalent value, the debtor was insolvent at the time and the insider had reasonable cause to believe that the debtor was insolvent."

[5] ORS 95.270 provides, in part:

"(1) A transfer or obligation is not voidable under ORS 95.230(1)(a) as against a person who took in good faith and for a reasonably equivalent value or any subsequent transferee or obligee.

Before a final judgment could be entered, Wilkinson filed for bankruptcy, resulting in an automatic stay under 11 USC § 362 of actions against Wilkinson or her property.[6] As a result of the stay, the trial court issued what it entitled a "final, partial judgment" under ORCP 67B. The judgment declares only that defendants took their security interest in the real property "in good faith and for reasonably equivalent value, and therefore any interest which plaintiffs may have in the property is inferior" to that of defendants.

■ Plaintiffs argue that the court erred when it interpreted "good faith" under ORS 95.270(1) to mean "subjective good faith" and that, although defendants were not aware of the judgment against Wilkinson, they were on constructive notice as to its existence. Therefore, they could not have taken their interest in good faith. An "objective good faith" test means that defendants could be held to constructive knowledge of Wilkinson's conduct and the judgment. Alternatively, plaintiffs argue that Beneficial and Credithrift

"(2) Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under ORS 95.260(1)(a), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:

"(a) The first transferee of the asset or the person for whose benefit the transfer was made; or

"(b) Any subsequent transferee.

"* * * * *

"(4) A creditor may not recover under paragraph (b) of subsection (2) of this section from a good-faith transferee or obligee who took for value or from any subsequent transferee or obligee.

"(5) Notwithstanding voidability of a transfer or an obligation under ORS 95.200 to 95.310, a good-faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:

"(a) A lien on or a right to retain any interest in the asset transferred;

"(b) Enforcement of any obligation incurred; or

"(c) A reduction in the amount of the liability on the judgment."

[6] The record indicates that Wilkinson has filed multiple bankruptcy petitions. The first, filed in the U.S. Bankruptcy Court for the District of Oregon in September, 1988, was dismissed because it had been filed in bad faith. In October, 1992, Wilkinson filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the District of New Mexico. Plaintiffs were granted relief from the automatic stay arising from that petition. However, in March, 1993, Wilkinson filed a Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the District of New Mexico.

were aware of other facts that should have put them on notice about the judgment and the fraudulent transfers. Defendants argue that "good faith" under ORS 95.270 means "subjective good faith" and that the trial court did not err because there was no evidence that they knew of the judgment, or that they intended to participate in or facilitate Wilkinson's fraud.

When interpreting a statute, our task is to discern the intent of the legislature. The best evidence of the legislature's intent and our first level of analysis is to examine both the text and context of the statute. The context of a statutory provision includes other provisions of the same statute and other related statutes. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993).

Under ORS 95.270, the issue of good faith may arise in three different contexts. Under ORS 95.270(1), a transfer is not voidable under ORS 95.230(1) if the transferee took in "good faith and for reasonably equivalent value." Under ORS 95.270(4), the creditor may not recover against a subsequent transferee who has taken in good faith and for value, even though the transfer is voidable under ORS 95.260(1)(a). Finally, under ORS 95.270(5), a good faith transferee who did not give reasonably equivalent value can recover the value that it did give.

The failure to give reasonably equivalent value is a circumstance that could put a reasonable person on notice that there was something suspicious about the transfer. Under an objective standard of good faith, the mere negligence or failure to make appropriate inquiries that a reasonably prudent transferee would make when he gives less than a reasonably equivalent value could preclude a finding that the transferee acted in good faith. However, ORS 95.270(5) contemplates a limited recovery by a good faith transferee under those circumstances. Thus, the use of an objective standard of "good faith" could render ORS 95.270(5) meaningless, something the legislature could not have intended. *See Thompson v. IDS Life Ins. Co.*, 274 Or 649, 656, 549 P2d 510 (1976). Also, ORS 95.270(1) provides that a transfer is not voidable as against a person who took in good faith *and* for reasonably equivalent value. If an objective standard is used to define "good faith," it renders the phrase "and for reasonably equivalent value" redundant, because the lack of reasonably

equivalent value could be evidence of a lack of good faith. Moreover, the legislature is presumed to have intended the phrase "good faith" in ORS 95.270(1) to have the same meaning in each part of ORS 95.270 in which it is used. *See Davis v. Wasco IED*, 286 Or 261, 593 P2d 1152 (1979). Accordingly, we conclude that the legislature intended the good faith standard in ORS 95.270(1) to be a subjective test.

■    Plaintiff also argues that defendants did not give reasonably equivalent value, because the loan proceeds went directly to Wilkinson in her individual capacity rather than to the trust. At the time Wilkinson received the loan proceeds, Beneficial and Credithrift required her to sign the loan papers in both her individual capacity and as trustee for the trust. Those facts may be probative on the issue of whether defendants actually knew of the fraudulent transfer, but they do not demonstrate that they received less than reasonably equivalent value in security for the money they loaned.

■    In summary, there is evidence to support the trial court's findings that defendants took their security interests in the properties without actual knowledge of the fraudulent transfer and plaintiffs' judgment against Wilkinson. Moreover, plaintiffs' judgment lien has not yet attached to the real properties, because the judgment does not award plaintiffs the relief of "avoidance of the transfer." *See* ORS 95.260. Defendants have valid security interests in the real properties, which will have priority over plaintiffs' judgment if and when it attaches.

Affirmed.