Argued and submitted December 3, 1996, appeal dismissed February 19, 1997

In the Matter of the Estate of
William A. Gollyhorn, Deceased.

Sharon SPRINGER,
Personal Representative of the Estate of
William A. Gollyhorn, Deceased
and Sharon Springer, Personally,
*Appellant,*

*v.*

William R. GOLLYHORN,
*Respondent.*

(94 PR 30; CA A92041)

934 P2d 501

George W. Kelly argued the cause and filed the brief for appellant.

Toni DeFriez Skinner argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

Edmonds, J., dissenting.

**WARREN, P. J.**

In this probate proceeding, William Gollyhorn, an heir to an estate, filed an objection to the final accounting filed by the personal representative, Sharon Springer. The trial court did not enter an order approving the final account and decree of final distribution or otherwise close the estate, but found that the personal representative breached her fiduciary duty because she failed to comply with the statutorily prescribed duties of a personal representative. The trial court then awarded Gollyhorn a personal judgment against the personal representative in the amount of $2,279.08 along with his attorney fees and costs. The personal representative appeals those decisions, assigning error to each. We dismiss the appeal.

We state the facts as found in the transcript of the proceedings below and the record on appeal. On July 25, 1994, testator died, leaving an estate of about $25,000. He was survived by four adult children, including the parties before us. After initially consulting an attorney to file a petition for probate of the will, the personal representative proceeded *pro se*. In November 1995, the personal representative filed a final accounting for the estate.

The personal representative incurred some expenses associated with the estate's administration, the bulk of which centered on long distance dealings with a bank regarding the bank's unauthorized release of certain monies from one of decedent's accounts to Gollyhorn and the personal representative's attempts to have the bank collect that money for inclusion in the estate assets for distribution.

After filing the final accounting with the court, but before receiving the court's approval, the personal representative issued checks to the estate heirs, as required by the accounting. All four of testator's children were to receive an equal amount of $4,047.80. However, the personal representative deducted the value of the property that Gollyhorn had taken from decedent's house shortly after the death, plus the expenses incurred to recover money improperly paid to Gollyhorn from one of decedent's bank accounts. As a result, Gollyhorn received a check for $22.06.

Gollyhorn filed an objection to the personal representative's final accounting, seeking only a hearing on the objections. The hearing was held on December 21, 1995. That morning Gollyhorn filed with the court a memorandum in support of objections, raising for the first time the questions of holding the personal representative personally liable for breach of fiduciary duty and his entitlement to attorney fees and costs.

At trial, evidence was adduced that the personal representative failed to fulfill the duties prescribed by statute for a personal representative. That evidence came in by way of the personal representative's testimony during the presentation of Gollyhorn's case. The trial court concluded that the personal representative's own testimony settled all of the factual questions regarding Gollyhorn's contention that the personal representative had breached her fiduciary duty. Moreover, the trial court accepted Gollyhorn's rough accounting in establishing his portion of the estate. Because it concluded that the factual issues were settled, the trial court did not allow the personal representative to present evidence to explain her actions. Gollyhorn's rough accounting disallowed a number of the personal representative's expenses, and the personal representative was not given the opportunity to challenge Gollyhorn's figures or to legitimize her expenses.

On January 24, 1996, the court entered a document entitled Findings, Order and Money Judgment, awarding Gollyhorn a $2,279.08 judgment against the personal representative as his portion of the estate and his attorney fees and costs. This appeal followed.

On appeal, the personal representative argues that the trial court erred in holding her liable for breach of fiduciary duty because it calculated Gollyhorn's portion of the estate based on materials that were not in evidence. She further argues that it erred in refusing her the opportunity to present evidence about what Gollyhorn had challenged and to justify some of her expenses. The personal representative also contends that the trial court erred in awarding Gollyhorn attorney fees and costs because he failed to comply with the requirements of ORCP 68 C.

We do not reach the merits of this case. Appellate courts have a duty to examine their jurisdiction, *sua sponte*, and to dismiss any case that lacks the requisite basis for appeal. *Goeddertz v. Parchen*, 299 Or 277, 701 P2d 781 (1985).

■■ An order entered in a probate proceeding is not appealable if it fails to settle the controversy completely and finally. *Harrington v. Thomas*, 63 Or App 292, 295, 663 P2d 1298, *rev den* 295 Or 617 (1983). The trial court purported to establish Gollyhorn's share of the estate when it entered its Findings, Order and Money Judgment.[1] To the best that we are able to determine from the trial court file, however, the court did not otherwise approve or disapprove a final account or decree a final distribution of the estate, ORS 116.113(1), thereby closing the estate and conclusively determining the extent and character of Gollyhorn's interest in the estate and that of all successors in interest to the estate. ORS 116.113(4).

This case is like *Harrington* because the trial court's purported judgment in this case does not, as a matter of law, finally settle the rights and liabilities of any of the parties with an interest in an estate any more than did the order in *Harrington*.

■ The premise of the dissent is that the instrument on review is a judgment—but that merely begs the question. While it is true that all judgments must be so labeled, all documents so labeled are not necessarily judgments. An instrument is not a "judgment" simply because it is labeled as such. It is well established that the character of an instrument is determined by its contents, not by its title. *Cockrum v. Graham*, 143 Or 233, 242, 21 P2d 1084 (1933). With the exception of judgments entered pursuant to ORCP 67 B, a judgment is final, and therefore appealable, only if it finally determines the rights and liabilities of all parties on all issues in an action. ORCP 67 A. Until a decree of final distribution is made, any determination of the interested parties' rights, no matter what it is called, is not final and is subject to

---

[1] The order provides, in part:

"1. [The personal representative] shall pay $2,279.08 to William R. Gollyhorn as his portion of the estate of William A. Gollyhorn."

modification. ORS 116.113(4).[2] The trial court failed to complete the final accounting process, and it follows that the "judgment" against the personal representative has no more effect than an interim order and is not final. It is freely subject to change by the trial court.[3] Accordingly, the matters in controversy are not concluded by the trial court's "Findings, Order and Money Judgment."[4]

■     Moreover, the trial court could not have approved the final account or otherwise closed the estate, as a matter of law, because the personal representative testified that she did not file any documentation concerning the payment of the necessary state income and personal property taxes. ORS 116.113(2). The personal representative's testimony even fails to reveal if those taxes were paid in the first place. It follows, therefore, that ORS 19.033(4)[5] is not applicable. *See Parnicky v. Williams*, 302 Or 150, 727 P2d 121 (1986).

Accordingly, we dismiss the appeal on our own motion for want of appellate jurisdiction.

Appeal dismissed.

---

[2] ORS 116.113(4) provides:

"The decree of final distribution is a conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of appeal and the power of the court to vacate the decree."

[3] The dissent's contention that our holding here has placed the personal representative in a "conundrum" is unfounded. We cannot make it any clearer than to say that the purported "judgment" here, although labeled as a judgment, for all intents and purposes is only preliminary—it is interim in nature, unenforceable, and the trial court is free to revisit it.

[4] Our conclusion is consistent with the purpose of prohibiting interlocutory appeals, which is to conserve appellate court time by barring decisions that may become unnecessary because of further action of the court that is required to dispose of the case. *See Lulay v. Earle v. Wolfer*, 278 Or 511, 564 P2d 1045 (1977).

[5] ORS 19.033(4) provides:

"Notwithstanding the filing of a notice of appeal, the trial court shall have jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a)  At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b)  The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

**EDMONDS, J.,** dissenting.

The majority holds that the money judgment against the personal representative entered by the trial court is not appealable. According to the majority, the judgment does not finally settle the rights and liabilities of any of the parties with an interest in the estate because no final account or decree of final distribution has been entered. Even though all money judgments are, for all legal intents and purposes, final judgments, the majority holds that we lack jurisdiction under the above circumstances. For the reasons that follow, I disagree.

Preliminarily, ORS 19.010 establishes our appellate jurisdiction. Specifically,

> "[a]ppeals from a circuit court sitting in probate are taken in the same manner as other appeals from circuit court. ORS 111.105(2). ORS 19.010 specifies what lower court determinations are appealable. The character of a document is to be determined by its content and not by its title. However, to constitute a judgment, the document must be so labeled[.] ORCP 70." *Goeddertz v. Parchen*, 299 Or 277, 279-80, 701 P2d 781 (1985) (citation omitted).

In this case, the document from which the appeal is taken is labeled "FINDINGS, ORDER AND MONEY JUDG-MENT." Initially, the document expresses the trial court's findings and its conclusion that appellant has breached her fiduciary duty as a personal representative. It then orders her to pay $2,279 to respondent, "as his portion of the estate of William A. Gollyhorn," and respondent's costs and attorney fees in prosecuting his objections to appellant's final account. Finally, it recites a money judgment for those sums. It further provides that interest is to accrue on those sums "until fully paid."

The judgment in this case complies with ORCP 70. Moreover, ORS 19.010(1) provides, "A judgment or decree may be reviewed on appeal as prescribed in ORS 19.005 to 19.026 and 19.029 to 19.200." A judgment for money is a judgment within the purview of subsection (1). On its face, the judgment in this case is no different in content from any other money judgment that is appealable under ORS

19.010(1) and is entitled to be treated in a like manner. *Goeddertz*, 299 Or at 280.

The majority says that the money judgment in this case is like the "order" in *Harrington v. Thomas*, 63 Or App 292, 663 P2d 1298, *rev den* 295 Or 617 (1983), because it does not close the estate or conclusively determine the extent of respondent's interest in the estate. In *Harrington*, the order was entitled, "Order for Payment of Money to Conservatorship" and required an attorney to refund attorney fees that he, as personal representative, had paid to himself from the estate. It was not labeled as a money judgment as required by ORCP 70 and contained no money judgment. Consequently, it could not have been a judgment within the meaning of ORS 19.010(1). Rather, the appellant urged that the order satisfied the requirements of ORS 19.010(2). We rejected that argument because the order was interim in character and the controversy could only be finally settled in the trial court by a decree of final distribution issued pursuant to ORS 116.113. As is evident, the money judgment in this case implicates ORS 19.010(1), not ORS 19.010(2) and is not like the order in *Harrington*.

The majority's theme that the judgment in this case is interlocutory in nature is incorrect. Nothing more has to be done to make this judgment final nor is it within the purview of a decree of final distribution. ORS 116.113 provides that the court "shall designate the persons in whom title to the estate available for distribution is vested and the portion of the estate or property to which each [heir] is entitled * * *." This judgment does not vest title in respondent to an asset of the estate. Rather, it represents expenses and attorney fees incurred by an heir who appears to have wrongfully appropriated an asset of the estate.

The trial court could properly enter a decree of final distribution under the statute without even mentioning the judgment or taking it into account by simply following the language of the statute and providing for distribution of the remaining assets of the estate. Plaintiff could hardly appeal from subject matter that is not a part of the decree of final distribution, and an objection to the final account's proposed distributions would have no effect on an existing judgment. If

the eventual decree of final distribution includes the judgment, then there will be two judgments of record representing the same award. If the eventual decree does not include the money judgment, then the majority has effectively deprived appellant of the ability to appeal. Moreover, the majority can send all the "signals" it wants to the trial court but, as a matter of law, nothing in its ruling compels vacation of the judgment or vitiates the judgment's enforceability. The only way to avoid this conundrum is for the trial court to vacate the judgment voluntarily after this remand on its own motion or on the motion of plaintiff, something that the majority's opinion does not require it to do.

In effect, appellant has been denied her day in court twice; once by the trial court and now by us as the result of the dismissal of her appeal. By holding that a money judgment arising out of a probate proceeding is not appealable under ORS 19.010, the majority has added an exception to the statute that is not there and has created a procedural nightmare that could result in an additional appeal and costs to an already depleted estate. Regarding the construction of statutes, ORS 174.010 requires us "simply to ascertain and declare what is, in terms or in substance contained therein, not to insert what has been omitted." The failure to follow the legislature's direction in that regard has resulted in the flaw in the majority's analysis. In the final analysis, a money judgment entered by a probate court is appealable under ORS 19.010(1) like any other money judgment and there is no basis in law for the proposition that it ought to be treated any differently under ORS 19.010(1). We should hold that the judgment is appealable and reach the merits of this case.

For these reasons, I dissent.