Argued and submitted June 5, appeal dismissed August 20, 1997

In the Matter of the Estate of
Glenn A. Widing, Deceased.

Suzanne S. WIDING,
aka Revere,
and Lorinda L. Weitman,
aka Michaelsen,
*Appellants,*

*v.*

ESTATE OF GLENN A. WIDING,
Deceased,
*Respondent.*

(8610-92056; CA A83309)

944 P2d 969

Jeremy L. Fellows argued the cause for appellants. With him on the briefs was Ambrose & Associates, P.C.

Gary Roberts argued the cause for respondent. With him on the brief was Schwabe, Williamson & Wyatt.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

In this probate proceeding, petitioners appeal from the denial of their motion requesting that the trial court classify their money judgments against the estate as "expenses of administration," and the denial of their motion for the trial court to direct the estate to pay the judgments. Additionally, the trial court enjoined petitioners from executing on their judgments in Oregon and Washington. Because the orders from which petitioners appeal are not appealable, we lack jurisdiction and dismiss the appeal. ORS 19.010.

Petitioners are the daughters of Glenn Widing, who died of cancer on August 25, 1986. At Widing's death, his estate had assets of over seven million dollars.[1] Widing left each petitioner approximately one million dollars in insurance proceeds, which petitioners loaned to the estate within several months of his death to pay estate taxes and to take care of other administrative expenses. The loan documents signed by the personal representatives of the estate provided that petitioners' loans would be treated as "within the class of costs of administration." However, instead of using those funds to pay the estate taxes and other administrative expenses, the personal representatives allegedly utilized the funds to develop commercial real estate, to fund a trust created for the benefit of one of the personal representatives, to pay approximately $125,000 in specific bequests to relatives of a personal representative and to pay fees to at least one of the personal representatives.

The estate defaulted on its obligation to repay petitioners' loans, and on October 8, 1993, petitioners obtained judgments against the estate and the Glenn A. Widing Family Trust (a co-obligor on the loans) in excess of one million dollars. On February 24, 1994, following a hearing on both petitioners' Petition for Order Directing the Estate to Pay and the Estate's Petition to Stay Execution of Judgment, the trial court ruled that petitioners' judgments were not expenses of administration but were claims against the

---

[1] Defendants are personal representatives of a Washington estate undertaking an ancillary probate proceeding in Oregon because decedent owned real property in Oregon at the time of his death.

estate. *See* ORS 115.125 (expenses of administration are to be paid before claims against the estate are paid). Accordingly, the court refused to order the estate to pay petitioners a *pro rata* share of the remaining $400,000 in assets and stayed execution on petitioners' judgments. It also ordered petitioners not to execute on their judgments in Oregon or Washington. Petitioners appeal.

During oral argument, the issue was raised as to whether we have jurisdiction over this appeal. In *Roe v. Pierce*, 313 Or 228, 232-33, 832 P2d 1226 (1992), the court analyzed when an appellate court has jurisdiction of appeals from probate proceedings. The court held that unless there is a special statutory section, the normal rule of when an appeal is proper from probate court proceedings is governed by ORS 111.105(2) and ORS 19.010. ORS 111.105(2) provides that an appeal from probate court is the same as for appeals from other circuit court proceedings, and ORS 19.010 establishes what things are appealable from circuit court.[2]

In this case, we are not aware of any special statutory section that would govern the appealability of the orders on appeal. Thus, we turn to ORS 19.010 to determine whether we have jurisdiction to review them. Because the trial court's rulings are orders and not judgments, our analysis is governed by ORS 19.010(2). The relevant part of ORS 19.010(2)(a) provides:

"(2)   For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a)   An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

---

[2] *See also Springer v. Gollyhorn*, 146 Or App 389, 934 P2d 501 (1997). In that case, the trial court's judgment purported to establish one heir's share of the estate. The trial court had not approved or disapproved of a final account of the final distribution of the estate, which would have closed the estate and would have conclusively determined the extent and allocation of the distribution of the estate under ORS 116.113. We noted that an order entered in a probate proceeding is not appealable if it fails to settle the controversy completely and finally. We held that unless a "final distribution is made, any determination of the interested parties' rights, no matter what it is called, is not final and is subject to modification." *Id*. at 393.

■ In this case, the trial court's orders establish the type of claim petitioners have against the estate and, in essence, affect only the priority of payment of their claim. Such orders do not prevent entry of a judgment as to petitioners. *Cf. Amundson v. Brookshire*, 133 Or App 450, 453, 891 P2d 710 (1995) (holding that an order removing a personal representative is an appealable order). Even if petitioners' motions had been granted, it would not have resulted in an appealable judgment. Petitioners remain creditors of the estate, and if there is a judgment of final distribution adverse to them, petitioners may then bring their appeal regarding the priority of their claim. This is not a case in which the trial court's ruling operates to exclude petitioners from enforcing their claims against the estate, although it may have the effect of diminishing the likelihood of their being paid. Rather, the court's orders are interim in nature connected with the administration of the estate. Until there is a final account and a judgment of final distribution, there is no ruling that settles the controversy completely and finally. *See* ORS 116.113(4).[3]

Petitioners argue that, even if we determine that we lack jurisdiction over the orders regarding the classification of their loan, we have jurisdiction to decide the issue raised in their third assignment of error. In that assignment, petitioners contend that the trial court lacked subject matter jurisdiction to grant the estate's motion enjoining petitioners from executing on their judgments in the State of Washington.

■ The order preventing petitioners from executing their judgments in Washington is similar to a temporary restraining order. When the trial court ruled that petitioners were stayed from executing on their judgments in either Oregon or Washington, it did so as a result of petitioners' motion to determine the priority of their claim. Petitioners requested that the trial court rule that their judgments were "expenses of administration" and that they were entitled to

---

[3] ORS 116.113(4) provides:

"The decree of final distribution is a conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of appeal and the power of the court to vacate the decree."

receive payment immediately. However, the trial court determined that petitioners' judgments were claims against the estate and, thus, were not entitled to payment immediately. Apparently the trial court's ruling was intended to facilitate the administration of the estate by protecting its assets from petitioners' judgments. ORS 23.105 provides that execution on a judgment is not to issue against the property of a deceased person but the judgment shall be paid as a claim against the estate. Thus, the trial court's restraining order is not permanent in nature. It is not an order that determines the claim so as to prevent a judgment. ORS 19.010(2)(a). It acts only to include the payment of petitioners' claims, if possible, as part of the payment of the claims of the estate. Again, the determination of petitioners' interest will not be complete and final until the judgment of final distribution is entered.[4] *See* ORS 116.113(4). Thus, all of the orders from which petitioners appeal are nonappealable.

Appeal dismissed.

---

[4] *See also Breese v. Bramwell*, 102 Or 76, 78-79, 201 P 729 (1921) (holding that temporary restraining orders are not appealable orders).