Argued and submitted August 16, 2002, appeal dismissed July 2, 2003

In the Matter of the Estate of
Willie James Toles, Deceased.

Linda G. SMITH,
Personal Representative of the Estate of
Willie James Toles, Deceased,
*Respondent,*

*v.*

Terry CALDWELL,
Fred Caldwell,
and Balenton Larry,
*Appellants.*

0004-90631; A115316

71 P3d 584

Richard E. Fowlks argued the cause for appellants. With him on the brief was Fowlks & Snyder, LLP.

Peggy Hennessy argued the cause for respondent. With her on the brief was Reeves, Kahn & Hennessy.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

### KISTLER, J.

In this probate proceeding, appellants seek review of the trial court's order determining that they are not the decedent's heirs. We dismiss their appeal for lack of jurisdiction.

Appellants assert that they are the children of Willie Toles, who died intestate on February 4, 2000. Appellants' mother was not married to Toles, and the personal representative concluded that appellants had failed to establish paternity pursuant to ORS 112.105(2).[1] The personal representative filed a "Motion to Deny Heirship" with the probate court, which issued a show cause order. An attorney for one of the appellants sent a letter to the court enclosing a first appearance fee,[2] but no other response was filed with the court. At the show cause hearing, appellants produced various writings in support of their assertion that Toles was their father. After considering that evidence, the probate court determined that appellants' documents did not satisfy ORS 112.105(2) and signed a document captioned "Judgment Denying Heirship." Appellants have filed an appeal from that "judgment."

■　As an initial matter, we must determine whether we have jurisdiction over this appeal. *Goeddertz v. Parchen*, 299 Or 277, 279, 701 P2d 781 (1985). Appeals from a trial court sitting in probate are taken in the same manner as those from a trial court generally. ORS 111.105(2); *Goeddertz*, 299 Or at 279. In *Goeddertz*, the personal representative sought to appeal from an "order directing [the] personal representative to pay an allowed claim" and a "judgment-order on hearing on objections to final account." 299 Or at 279 (capitalization omitted). Looking to the contents of those documents rather than their captions,[3] the court reasoned:

---

[1] ORS 112.105 provides two methods by which a child whose parents are not married can establish paternity for the purposes of intestate succession. Appellants did not rely on the first method, which is set out in ORS 112.105(2)(a). They claimed instead that Toles had "acknowledged himself to be the father in writing signed by him during the lifetime of the child." ORS 112.105(2)(b).

[2] It appears from the court file that the attorney initially represented only Terry Caldwell.

[3] The court explained that the first order directed the personal representative to pay a previously allowed claim and that the second "in effect, allowed an

"Neither document is a judgment or decree, [*former*] ORS 19.010(1),[4] or the kind of order described in [*former*] ORS 19.010(2), which is treated as a judgment or decree for the purpose of being reviewed on appeal. Neither document qualifies as an order embraced within [*former*] ORS 19.010(4) which confers appellate jurisdiction in special statutory proceedings. *Cf* ORS 28.040 and 28.070. This appeal must be dismissed on our own motion for want of appellate jurisdiction."

*Id.* at 280.

In this case, the document from which appellants seek to appeal is not a final judgment within the meaning of ORS 19.205(1). *Widing v. Estate of Glenn A. Widing*, 149 Or App 451, 454 n 2, 944 P2d 969 (1997); *Springer v. Gollyhorn*, 146 Or App 389, 393-94, 934 P2d 501 (1997). No decree of final distribution has been entered in the probate proceeding, *see* ORS 116.113(4); rather, the "judgment" that appellants seek to challenge is merely an interim order in that proceeding. As we explained in *Springer*, "[u]ntil a decree of final distribution is made [in a probate proceeding], any determination of the interested parties' rights, no matter what it is called, is not final and is subject to modification." 146 Or App at 393-94.

Nor is the court's order an "order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein." ORS 19.205(2)(a); *see Gillespie v. Kononen*, 310 Or 272, 279, 797 P2d 361 (1990) (holding that, when the trial court signed an order dismissing the plaintiff's complaint but refused to enter a final judgment on that order, the order refusing to enter judgment was appealable under *former* ORS 19.010(2)(a)); *Stanwood v. Multnomah County*, 135 Or App 58, 898 P2d 196 (1995) (holding that an order denying an allegedly indigent plaintiff's motion for a fee waiver or deferral was appealable under *former* ORS 19.010(2)(a) because the order "closed the courthouse door"). The order in this case does not prevent a final judgment from being entered against appellants;

---

objection relating to a purported *inter vivos* gift and denied an objection to the claim underlying the first order." *Goeddertz*, 299 Or at 280.

4 ORS 19.010 was renumbered as ORS 19.205 in 1997.

rather, the interim order that appellants seek to challenge can be reviewed on appeal from the decree of final distribution. *See* ORS 116.113(4). *Compare Amundson v. Brookshire*, 133 Or App 450, 453, 891 P2d 710 (1995) (holding that an order removing the personal representative is appealable under ORS 19.205(2) because it both affects the person's substantial rights and "prevents entry of a judgment or decree as to that person in his or her capacity as a personal representative"). The document from which appellants seek to take an appeal is not an appealable judgment or order.

■ Appellants observe that the trial court could direct entry of a final judgment pursuant to ORCP 67 B and suggest that we give it leave to do so under ORS 19.270(4).[5] ORCP 67 B provides, in pertinent part:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

Appellants do not explain how ORCP 67 B applies in the context of this case, and we are not persuaded that it does.

ORS chapter 111 provides a specific procedure for persons who seek a determination of heirship in a probate proceeding. *Decker v. Wiman*, 288 Or 687, 691-95, 607 P2d 1370 (1980). As the court explained in *Decker*, the 1969 legislature repealed the former procedures for determining heirship in probate proceedings and replaced them with ORS 111.095(2), which gives probate courts "full, legal and equitable powers to make declaratory judgments, as provided in ORS 28.010 to 28.160 * * * pertaining to * * * the determination of heirship[.]" 288 Or at 692. After the 1969 amendments, a person who seeks a declaration of heirship pursuant

---

[5] ORS 19.270(4) provides that, after a notice of appeal is filed, the trial court has jurisdiction, with leave of the appellate court, to enter an appealable judgment (1) if it intended to do so before the notice of appeal was filed and (2) the judgment from which the appeal was taken was, among other things, "defective in form[.]"

to ORS 111.095(2) "must initiate a declaratory judgment proceeding in the probate court and, in accordance with ORS chapter 28, * * * must make all interested persons parties to that proceeding." *Decker*, 288 Or at 694.

In this case, the personal representative did not initiate a declaratory judgment proceeding in the probate court, join appellants as parties, or state a claim for relief in that proceeding. Had she done so, the resulting declaratory judgment would have been appealable. *See* ORS 28.070. Similarly, appellants could have initiated a declaratory judgment proceeding in probate court if they wished to preserve their right to an immediate appeal from an adverse determination. They did not do so; rather, the personal representative employed a procedure in which appellants were never formally joined as parties and no claim for relief, as that phrase is ordinarily understood, was ever alleged. In this posture, we conclude that ORCP 67 B does not apply. We do not mean to suggest that ORCP 67 B is inapplicable in probate proceedings. *See Rawls v. Evans*, 182 Or App 75, 77, 48 P3d 159, *rev den*, 335 Or 42 (2002). Rather, we hold only that, in light of the procedures followed in this case, it is inapplicable here.

Appeal dismissed.