349

On respondent's motion to dismiss filed March 30, and appellant's memorandum in response to motion to dismiss filed April 13, 2004, appeal dismissed February 2, 2005

In the Matter of the Estate of
Elvada E. Roley, Deceased.

Kenneth L. ROLEY,
Personal Representative of the Estate of
Elvada E. Roley, Deceased,
*Appellant,*

*v.*

Christopher P. SAMMONS,
*Respondent.*

01C-19332; A124116

105 P3d 879

Suzanne J. Suwada and Garland, Griffiths, Lay, Suwada, Hilborn, et al, for motion.

J. Michael Alexander and Swanson, Lathen, Alexander & McCann, PC, *contra*.

Before Linder, Presiding Judge, and Brewer, Chief Judge, and Wollheim, Judge.

LINDER, P. J.

## LINDER, P. J.

Appellant, the decedent's son and the personal representative of her estate, appeals the "limited judgment" that was entered in this probate proceeding. In that judgment, the trial court ruled that respondent, the decedent's grandson, is entitled to "take a share of the estate equal to that of [appellant]." Respondent filed a motion to dismiss the appeal on the ground that the only appealable judgment in a probate proceeding is a judgment of final distribution. For somewhat different reasons, we conclude that the appeal should be dismissed and grant the motion.

The pertinent facts are undisputed. Appellant filed a final accounting and a petition for a decree of final distribution, and respondent objected. In March 2003, after a hearing, the trial court entered an "Order and Judgment on Objection of [Respondent]." Appellant appealed and requested that this court determine whether the trial court's decision was appealable. On February 4, 2004, the Chief Judge issued an order dismissing the appeal for lack of jurisdiction, reasoning that

> "[t]he decision being appealed is mislabeled to the extent that it purports to be a judgment and it is merely an interim order. Further, because the trial court has not entered a judgment of final distribution, no appeal lies from the case."

The Chief Judge refused to give the trial court leave under ORS 19.270(4) to enter an appealable judgment because the trial court had "not finally disposed of all claims." Of significance, this court did not enter an appellate judgment dismissing that appeal.[1]

Thereafter, apparently in response to the order of dismissal, the trial court entered a "limited judgment" that states, in part:

> "1.  That [respondent], as the only surviving child of [the decedent's daughter], shall take a share of the estate equal to that of [appellant].

---

[1] In fact, an appellate judgment still has not issued that dismisses the appeal from the "order and judgment" that was the subject of the Chief Judge's February 2004 order.

"2. That a Final Accounting and Petition for Decree of Final Distribution cannot be entered until the ultimate resolution of the claim of [respondent] is determined, by appeal if necessary; and

"3. That there is no just reason for delay, and it is appropriate to enter this final and appealable 'Limited Judgment[.']"

This opinion concerns appellant's appeal from that "limited judgment."

■ We begin by addressing whether the trial court had jurisdiction to enter the "limited judgment." Even though the parties did not raise that issue, we have an obligation to consider it *sua sponte*. *See Hood River County v. Stevenson*, 177 Or App 78, 81, 33 P3d 325 (2001) (reasoning that "[c]ourts have an obligation to consider jurisdictional issues *sua sponte*"). If the trial court lacked jurisdiction, the "limited judgment" is a nullity and, consequently, we would lack jurisdiction over the appeal of that "judgment." *See Cushman v. Wilkinson*, 129 Or App 317, 319 n 1, 879 P2d 873, *rev den*, 320 Or 271 (1994) (reasoning that, where the trial court lacked jurisdiction to enter an amended judgment, that judgment had no legal effect).

ORS 19.270(1)[2] provides that, once a notice of appeal has been properly served and filed, the appellate court acquires jurisdiction and the trial court retains jurisdiction only for limited purposes. The appellate court's jurisdiction "ends when a copy of the appellate judgment is mailed by the State Court Administrator to the court from which the appeal was taken pursuant to ORS 19.450[.]" ORS 19.270(6).

■ This court acquired jurisdiction when appellant filed his notice of appeal of the trial court's March 2003 "judgment." Even though the Chief Judge issued an order dismissing that appeal, no appellate judgment issued. Thus, this court's jurisdiction never ended, and the trial court lacked jurisdiction to render the "limited judgment" from which appellant now appeals. Consequently, we lack jurisdiction and must dismiss the appeal unless we determine that it is

---

[2] Because the 2003 amendments to ORS 19.270 do not affect the issues in this case, we refer to the current version of the statute.

appropriate to grant the trial court leave to enter an appealable judgment pursuant to ORS 19.270(4), which provides:

"Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction, with leave of the appellate court, to enter an appealable judgment if the appellate court determines that:

"(a)   At the time of the filing of the notice of appeal the trial court intended to enter an appealable judgment; and

"(b)   The judgment from which the appeal is taken is defective in form or was entered at a time when the trial court did not have jurisdiction of the cause under subsection (1) of this section, or the trial court had not yet entered an appealable judgment."

In the Chief Judge's February 2004 order, she declined to grant the trial court leave to enter an appealable judgment, reasoning that, because the appealable judgment in a probate proceeding is the judgment of final distribution and the trial court did not intend to enter such a judgment, the requirements in ORS 19.270(4) had not been satisfied.

Ordinarily, the judgment of final distribution is the conclusive determination of the probate proceeding. *See* ORS 116.113(4) ("The judgment of final distribution is a conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of appeal and the power of the court to vacate the judgment.").[3] Even though the probate court may be asked to resolve various issues during the course of the probate, generally, the court's rulings that resolve those issues are not the subject of judgments that can be immediately appealed. For example, in *Goeddertz v. Parchen*, 299 Or 277, 280, 701 P2d 781 (1985), the Supreme Court dismissed an appeal from a judgment concerning the resolution of an objection to a final accounting because it was not a final determination of the parties' rights but, rather, was an intermediate determination. Similarly, in *Springer v. Gollyhorn*, 146 Or App 389, 934 P2d 501 (1997), an heir to the

---

[3] ORS 116.113(4) was amended in 2003 to replace the term "decree" with the term "judgment." Or Laws 2003, ch 576, § 377. We do not understand that change to affect the substance of that statute.

estate filed an objection to the final accounting. The trial court resolved the objection, determined that the personal representative had breached her fiduciary duty, and rendered a judgment for a particular amount of money in favor of the heir and against the personal representative. We dismissed the personal representative's appeal, reasoning that,

> "[u]ntil a decree of final distribution is made, any determination of the interested parties' rights, no matter what it is called, is not final and is subject to modification. ORS 116.113(4). The trial court failed to complete the final accounting process, and it follows that the 'judgment' against the personal representative has no more effect than an interim order and is not final. It is freely subject to change by the trial court. Accordingly, the matters in controversy are not concluded by the trial court's 'Findings, Order and Money Judgment.'"

*Springer*, 146 Or App at 393-94 (footnotes · omitted). *Goeddertz* and *Springer* stand for the proposition that the probate of an estate is resolved by a judgment of final distribution and that the trial court's rulings concerning issues that arise during the course of the probate are intermediate determinations and, consequently, are not the proper subject of an appealable judgment.

Nevertheless, a specific procedure is available to obtain a declaratory judgment concerning matters involved in the administration of the estate. ORS 111.095(2) provides:

> "A probate court has full, legal and equitable powers to make declaratory judgments, as provided in ORS 28.010 to 28.160, in all matters involved in the administration of an estate, including those pertaining to the title of real property, the determination of heirship and the distribution of the estate."

In turn, the statutes governing declaratory judgments in ORS chapter 28 provide that certain persons who have interests in the administration of a decedent's estate may obtain a declaration of the rights or legal relations to determine, among other things, "any question arising in the administration of the estate * * *, including questions of construction of wills and other writings." ORS 28.040(3). A judgment "under

[ORS chapter 28] may be appealed from or reviewed as other orders and judgments." ORS 28.070.

■    In *Decker v. Wiman*, 288 Or 687, 694, 607 P2d 1370 (1980), the Supreme Court interpreted ORS 111.095(2) to require a person who seeks a declaration under that statute to "initiate a declaratory judgment proceeding in the probate court" and follow the procedures in ORS chapter 28. This court reached a similar conclusion in *Smith v. Caldwell*, 188 Or App 456, 71 P3d 584 (2003). In that case, the appellants asserted that they were the children of the decedent. The personal representative filed a motion to deny heirship, and, at the show cause hearing, the appellants produced writings to support their contention. The trial court entered a "judgment" denying heirship, and the appellants appealed. We held that the "judgment" was not appealable because it was merely an interim order. The appellants requested that we give the trial court leave under ORS 19.270(4) to enter an ORCP 67 B judgment. We declined, stating that the "[a]ppellants do not explain how ORCP 67 B applies in the context of this case, and we are not persuaded that it does." *Smith*, 188 Or App at 460. We explained:

> "ORS chapter 111 provides a specific procedure for persons who seek a determination of heirship in a probate proceeding. *Decker v. Wiman*, 288 Or 687, 691-95, 607 P2d 1370 (1980). As the court explained in *Decker*, the 1969 legislature repealed the former procedures for determining heirship in probate proceedings and replaced them with ORS 111.095(2), which gives probate courts 'full, legal and equitable powers to make declaratory judgments, as provided in ORS 28.010 to 28.160 * * * pertaining to * * * the determination of heirship[.]' 288 Or at 692. After the 1969 amendments, a person who seeks a declaration of heirship pursuant to ORS 111.095(2) 'must initiate a declaratory judgment proceeding in the probate court and, in accordance with ORS chapter 28, * * * must make all interested persons parties to that proceeding.' *Decker*, 288 Or at 694.
>
> "In this case, the personal representative did not initiate a declaratory judgment proceeding in the probate court, join appellants as parties, or state a claim for relief in that proceeding. Had she done so, the resulting declaratory judgment would have been appealable. *See* ORS 28.070. Similarly, appellants could have initiated a declaratory

judgment proceeding in probate court if they wished to pre-serve their right to an immediate appeal from an adverse determination. They did not do so; rather, the personal representative employed a procedure in which appellants were never formally joined as parties and no claim for relief, as that phrase is ordinarily understood, was ever alleged. In this posture, we conclude that ORCP 67 B does not apply. We do not mean to suggest that ORCP 67 B is inapplicable in probate proceedings. *See Rawls v. Evans*, 182 Or App 75, 77, 48 P3d 159, *rev den*, 335 Or 42 (2002). Rather, we hold only that, in light of the procedures followed in this case, it is inapplicable here."

*Smith*, 188 Or App at 460-61 (omissions in original). *Decker* and *Smith* illustrate that, if a party desires an appealable judgment in a probate proceeding before the court enters the judgment of final distribution, the party must follow the procedure in ORS 111.095(2), which, according to the Supreme Court, requires the initiation of a declaratory judgment proceeding.

Appellant appears implicitly to acknowledge that he did not comply with the requirements of ORS 111.095(2) to obtain an appealable declaratory judgment that "can be entered prior to a final Judgment of Distribution in a probate case." Appellant asserts, however, that he obtained an appealable limited judgment pursuant to ORCP 67 B. According to appellant, where, as here, the trial court has conducted a "full evidentiary hearing" and proper parties have been joined, "it would be illogical to allow a declaratory proceeding to determine the same issue, and be appealed, but not apply the same reasoning to the specific procedural vehicle supplied by ORCP 67B." We understand appellant's position to be that the probate court's "limited judgment" is appealable because it was authorized by ORCP 67 B. We disagree.

ORCP 67 B, as amended by House Bill 2646 (2003), *see* Or Laws 2003, ch 576, § 90, provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may render a limited judgment as to one or more

but fewer than all of the claims or parties. A judge may render a limited judgment under this section only if the judge determines that there is no just reason for delay."

ORCP 67 B requires any claim that is resolved in a limited judgment to be "presented" in an action. ORS 111.095(2) directly addresses how a claim for declaratory relief may be presented during the course of a probate. Although appellant may believe that it elevates form over substance to require him to pursue a claim for declaratory relief in order to obtain an appealable judgment, that form is required by ORS 111.095(2), which the Supreme Court has interpreted to be a predicate to obtaining an appealable judgment in a probate action before the probate court enters a final judgment of distribution. *See Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995) (when the Supreme Court interprets a statute, that interpretation becomes part of the statute). Because the legislature has not altered the terms of ORS 111.095(2), the trial court's judgment resolving respondent's objection is not appealable. We conclude that, because the trial court could not have rendered an appealable judgment resolving only the objection at the time that the notice of appeal was filed, we cannot remand this case to the trial court pursuant to ORS 19.270(4).

Appeal dismissed.